HORTON *v.* IMMEN.

BROKERS — CONTRACT — SALE OF REAL ESTATE — RIGHT TO COM-
MISSIONS.

> Where a written contract between a broker and a landowner·
> agrees upon a certain commission if a sale of the property is
> consummated to a proposed purchaser by a certain date,
> otherwise the contract to be null and void, the broker is not
> entitled to his commission unless the sale is made before the·
> date specified, and it is immaterial that a sale is eventually·
> made to the proposed purchaser who was introduced by the·
> broker.

Error to Kent; Perkins, J. Submitted June 13, 1906..
(Docket No. 106.) Decided July 24, 1906.

Assumpsit by Erastus J. Horton against Frederick Im-
men for a commission on the sale of real estate. There·
was judgment for defendant, and plaintiff brings error..
Affirmed.

Plaintiff is a real estate broker and seeks to recover a·
commission upon a contract by which he claims that he
was to furnish a purchaser for the defendant's land, a
block in the city of Grand Rapids. He had had a verbal
contract by which, if he obtained a purchaser of the prop-
erty at $58,000, he was to receive a commission of $1,000.
The case was tried before the court without a jury, a find-
ing of facts made, and judgment rendered for defendant..

*Gleason & Lee,* for appellant.

*Grove & McDonald,* for appellee.

GRANT, J. ( *after stating the facts* ). Counsel for the·
plaintiff insist that there is no justification for the judg-
ment in the finding of facts. Under the findings the oral
arrangement for the payment of $1,000 for a purchaser at
$58,000 was voluntarily abandoned. Plaintiff testified,
as stated in the finding of facts, that he told defendant,

"I will tell you, if you close up a deal with him [the proposed purchaser] for less than $58,000, I will take $500 for my commission." Thereupon defendant drew up and presented to the plaintiff for his signature the following memorandum, which was duly signed by the plaintiff and retained by the defendant:

"Agreement made between E. J. Horton and Frederick Immen, both of Grand Rapids, Michigan:

"In case a sale of the Loraine building located in Grand Rapids, Michigan, and owned by said Frederick Immen, is consummated by March first, 1905, to M. S. Keeler of Grand Rapids, Mich., for the sum of fifty-eight thousand dollars, E. J. Horton agrees to take one thousand dollars in full for his commission on the sale. If sale is consummated for any less amount than $58,000, E. J. Horton agrees to take five hundred dollars in full for his commission on said sale. If sale is not consummated by March 1, this agreement is null and void between E. J. Horton and F. Immen."

Plaintiff was then negotiating with one Keeler to purchase the property. It is the claim of plaintiff that Keeler offered $56,000, and that defendant expressed himself as willing to take that sum, and that they had agreed upon a meeting to arrange for the execution of the papers and terms of payment. Mr. Keeler testified that defendant consented to the terms of payment. Defendant denies such an agreement. Whether they had agreed verbally or not is immaterial. Plaintiff and defendant had made a definite contract. That contract provided for the consummation of a sale. None was consummated. It could not have been consummated until the vendor and vendee, or grantor and grantee, had entered into a valid and binding contract for the sale. Until that was done either party was at liberty to retire from his parol agreement. The contract was not to find a purchaser, but to consummate a sale.

The judgment is affirmed.

BLAIR, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.