SMITH-BURNS INVESTMENT CO. *v.* JONES.

1. BROKERS—COMMISSION EARNED ALTHOUGH CONTRACT FORFEITED.
    A broker producing a purchaser who entered into a writ-
      ten contract with the owner to buy is entitled to his
      commission therefor, although the purchaser failed to make
      all of the cash payment provided for in the contract, and
      the owner, after extending the time and accepting partial
      payment, declared it forfeited for said reason.

2. SAME—BROKER DOES NOT GUARANTEE PERFORMANCE.
    A broker, to earn his commission, is not called upon to
      guarantee the faithful performance of a contract his prin-
      cipal makes with the purchaser.

3. VENDOR AND PURCHASER—CONTRACTS—ACCEPTANCE OF OFFER.
    An acceptance in writing by the owner of land of an offer
      in writing to purchase was none the less a binding con-
      tract because addressed to the broker, where it was an
      acceptance "for value received" for the sale to said pur-
      chaser in accordance with the terms and conditions of his
      proposal, and was afterwards treated by the parties as
      a contract of sale.

Error to Wayne; Brennan (Vincent M.), J.   Sub-
mitted June 14, 1927.   (Docket No. 15.)   Decided
July 29, 1927.

Assumpsit by the Smith-Burns Investment Com-
pany against David J. Jones for commissions on the
sale of real estate.   Judgment for plaintiff on a
directed verdict.   Defendant brings error.   Affirmed.

*Bishop & Weaver,* for appellant.

*S. Homer Ferguson,* for appellee.

SNOW, J.   Plaintiff, real estate broker in Detroit,

[1]Brokers, 9 C. J. §§ 86, 87, 105; 44 L. R. A. 593; 4 R. C. L. 297;
1 R. C. L. Supp. 1109; 4 R. C. L. Supp. 261; [2]Id., 9 C. J. §§ 86,
105; [3]Vendor and Purchaser, 39 Cyc. p. 1221.

on April 9, 1923, brought about the execution of a writing, in substance as follows:

"I agree to purchase, through the Smith-Burns Investment Company, agents, the following described property: * * * for the sum of thirty six thousand ($36,000) dollars on the following terms and conditions: Five thousand ($5,000) dollars cash as first payment and the balance on or before three years, with interest at six per cent. payable quarter yearly. * * *

"As a showing of good faith and to bind this agreement, I herewith deposit with Smith-Burns Investment Company, five hundred ($500) dollars, with the understanding that in case this offer is not accepted by owner, this deposit of five hundred ($500) dollars is to be refunded to me; otherwise, it is to be applied on and is part of the purchase price of said property, and deal to be closed within thirty (30) days from the delivery of abstract certified to date, showing good and merchantable title. Time is considered the essence of this agreement. * * *

"JOHN R. GLADING.

"To Smith-Burns Investment Co.:

"For value received we hereby authorize you to sell the above described property for thirty six thousand ($36,000) dollars to J. R. Glading in accordance with the terms and conditions of this agreement, and also agree to pay you five per cent. commission on purchase price.

"DAVID J. JONES,
"MAE W. JONES."

Five hundred dollars was paid defendant, the owner of the real estate, and later $2,000 additional. Defendant extended time for the balance of the cash payment of $5,000, but Mr. Glading failed to pay any part of it. On September 9, 1923, Mr. Jones gave him this final notice:

"Detroit, Mich., Sept. 9, 1923.

"Mr. JOHN R. GLADING,
    "City.

"*Dear Sir:* You are hereby notified that unless you

pay the balance on lots situated in Donders Sub. as per our agreement, inside of ten days, I will consider such agreement null and void and money you have paid on same forfeited.   The amount now due is $3,002.50. Hoping you will give this your immediate attention I remain,

"Respectfully yours,<br>"DAVID J. JONES."

This ended all further negotiations between them.

Plaintiff sues for its agreed broker's commission, claiming it brought the parties together, and that the writing executed by them was in substance and effect a mutual and binding contract of sale, creating the relations of vendor and vendee between them.

Defendant insists he is liable to pay a commission only upon the broker having produced a purchaser, ready, willing, and able to buy.   That Glading was not such a person, and was unable to comply with his offer and make the $5,000 cash payment provided. Therefore, he claims, plaintiff is entitled to no commission.   The court directed verdict for plaintiff, and defendant brings error.

If Glading, the purchaser found by plaintiff, was in fact accepted by defendant, and if the instrument hereinbefore quoted is in effect a written contract of sale, the fact its terms were not afterwards complied with by reason of failure to make the cash payment provided, would not defeat the right of plaintiff to recover its commission.

But defendant contends the writing could not become a binding contract until the initial cash payment of $5,000 was made; that this payment pertained to the *making* of a contract, and not to its *performance* after execution.

The defendant authorized plaintiff to find him a purchaser for his property.   Plaintiff found such purchaser who agreed in writing to buy.   When defendant signed this writing, he not only knew who the

purchaser was, but he accepted a down payment of $500 upon the purchase price. He later extended the time for the purchaser to pay the balance of the $5,000 cash payment. He also accepted $2,000 more thereon, after which he gave written notice direct to the purchaser, using the language, "unless you pay the balance * * * as per *our agreement,*" etc. It is clear that he recognized the contract between them as such, and in effect declared it forfeited because of noncompliance.

The situation is analogous to the one in *Cain* v. *Masurette,* 196 Mich. 7. There the offer to sell was in writing. It was accepted in writing, and, as here, a partial payment of the purchase price made. Mr. Justice STONE, for the court, said:

"It is undisputed that defendant accepted Mr. Donovan as a purchaser, thus making a binding contract, and defendant receipted to Mr. Harmon directly for the $100 paid on account of the purchase. It is well that we keep in view the object of this suit. It is for commissions claimed to have been earned by plaintiff. The doctrine is well stated by Mitchell, J., in *Francis* v. *Baker,* 45 Minn. 83 (47 N. W. 452), where it is said:

" 'If, without any fraud, concealment, or other improper practice on part of the broker, the principal accepts the person presented, either on the terms previously proposed or upon modified terms then agreed upon, and enters into a binding and enforceable contract with him for the purchase of the property, the commission is fully earned. The party presented is then a purchaser, within the meaning of the contract between the principal and the broker, although the sale is not completed or executed by payment of the consideration to the vendor. *Rice* v. *Mayo,* 107 Mass. 550; *Pearson* v. *Mason,* 120 Mass. 53; *Coleman's Ex'r* v. *Meade,* 13 Bush (Ky.), 358; *Love* v. *Miller,* 53 Ind. 294 (21 Am. Rep. 192); *Glentworth* v. *Luther,* 21 Barb. (N. Y.) 145; *Simonson* v. *Kissick,* 4 Daly (N. Y.), 143; *Keys* v. *Johnson,* 68 Pa. 43. In fact the authorities are all one way on this question, the only apparent exception being *Richards* v. *Jackson,* 31 Md. 253 (1 Am. Rep. 49), which, however, might have been decided upon the ground that the party presented had

never entered into any enforceable contract of purchase, the written agreement containing a provision giving him the option to release himself of all liability by paying a sum of money as a forfeit.   This was the ground upon which *Kimberly* v. *Henderson,* 29 Md. 512, was decided.'

"An agent undertaking to sell, and one undertaking to find a purchaser, are not to be distinguished, as in either case he is required to do no more than find a purchaser who is accepted, and who enters into a binding contract.   *McFarland* v. *Lillard,* 2 Ind. App. 160 (28 N. E. 229, 50 Am. St. Rep. 234).   See 19 Cyc. p. 243, and cases cited in note, including *Whitaker* v. *Engle,* 111 Mich. 205."

Like the trial judge, we feel this case is controlling.

A broker, to earn his commission, is not called upon to guarantee the faithful performance of a contract his principal makes with the purchaser.   He has earned it when the purchaser is accepted and contracted with, as in the present instance.

Defendant suggests the instrument is not a contract because what defendant signed was addressed to the broker and amounted simply to an authorization to sell.   But it will also be noted that the acceptance was "for value received" for the sale of the property to J. R. Glading in accordance with the terms and conditions of his proposed agreement.   It cannot be doubted that the writing is in effect a contract, specific performance of which the courts would not hesitate to decree.   The intent and belief of the parties that it was a contract of sale is indicated by their conduct after execution in the making and accepting of further payments, extension of time for performance, forfeiture, and retention of the $2,500 paid to the defendant.

Judgment affirmed, with costs to plaintiff.

SHARPE, C. J., and BIRD, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.