CUNNINGHAM v. GARBER.

1. BROKERS — COMMISSION — CONTRACTS — CONSUMMATION OF PUR-
CHASE.
  Real-estate broker was not entitled to commission for sale of
    defendants' real estate, where commission was to be paid
    only upon consummation of the sale and purchasers failed to
    complete the sale within time provided by the agreement.

2. SAME—COMMISSION—CONSUMMATION OF PURCHASE.
  Agreement providing for consummation of purchase of defend-
    ants' real estate within 30 days after abstract of title was
    delivered, if marketable title could be conveyed, was not am-
    biguous, hence, court was justified in determining as a matter
    of law that plaintiff real-estate broker was not entitled to com-
    mission, where purchasers failed to complete sale within the
    30-day period.

Appeal from Wayne; O'Hara (Chester P.), J.
Submitted June 8, 1960. (Docket No. 13, Calendar
No. 48,410.) Decided September 15, 1960.

Assumpsit by William T. Cunningham against
Ralph Garber and Helen Garber for real-estate deal-
er's commission. Judgment for defendants *non
obstante veredicto*. Plaintiff appeals. Affirmed.

*Earl J. Demel*, for plaintiff.

*Ralph W. Cole*, for defendants.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  8 Am Jur, Brokers § 180.
  Real-estate broker's right to commission as affected by failure
    or refusal of customer to comply with valid contract.  73 ALR
    926.

DETHMERS, C. J.   This is a suit for realtor's commission claimed by plaintiff under the "acceptance of offer" portion of a so-called "offer to purchase," which defendants, as the property owners, had signed on June 22, 1957.   The offer to purchase, previously drafted by defendant husband, an attorney, was executed on that same date by a husband and wife named LeBlanc as prospective purchasers. It contained paragraphs 2 and 3, which read as follows:

"2. As evidence of title, sellers will furnish purchasers as soon as possible a complete abstract of title and tax history, certified to a date later than the acceptance hereof, and issued by the Burton Abstract and Title Company.   In lieu thereof, a policy of title insurance issued by said company, bearing date later than the acceptance hereof and guaranteeing the title in the condition required for performance of this offer will be accepted.

"3. If a marketable title can be conveyed, the sale shall be consummated within 30 days after delivery of such abstract or policy.   If an abstract is furnished and an objection is made to title, and notwithstanding a Burton Abstract and Title Company policy of title insurance, insuring the title in the condition required by this offer can be obtained, the sale shall be consummated within 10 days after delivery of such policy."

On June 27, 1957, defendants' abstract of title was delivered to the LeBlancs.   Their attorney, McCarthy, examined it for them and on July 26, 1957, prepared a written opinion pointing out certain technical defects of more than 40 years' standing consisting of slight misspelling of names of grantees or grantors in 2 instances and in another the omission of a middle initial.   On August 2, 1957, more than 30 days after the LeBlancs had received the abstract, they having failed to consummate the

deal or make any arrangements with defendants to that end, defendants wrote them a letter notifying them that because of their failure in that respect, the agreement had lapsed by its own terms and was terminated, and that the deposit made therewith would be considered liquidated damages for their breach of the contract. The sale never was consummated, although LeBlancs offered to go through with the deal later in August of 1957.

On trial a jury returned a verdict for plaintiff. The court entered judgment for defendants *non obstante veredicto*. Plaintiff appeals here.

Plaintiff says that he produced a buyer ready, willing, and able to perform according to the terms of the agreement and thus earned the commission, that the question of his performance in that regard had been a question of fact resolved in his favor by the jury whose determination should not have been disturbed by the trial court as a question of law, and that the purchase agreement was ambiguous as to time for performance and should have been interpreted unfavorably to defendants because one of them drafted it.

Witnesses testified on trial, plaintiff's attorney conceded on the record and no one testified to the contrary, that defendants had good marketable title to the premises. No question exists on that point nor did one exist when the trial court entered its judgment *non obstante veredicto*. There is no disputing that LeBlancs did not consummate the deal nor offer or attempt to within 30 days after delivery to them of the abstract showing such marketable title. The record supports, uncontrovertedly, the trial court's finding that as late as August 5, 1957, LeBlancs, while perhaps willing, were not yet ready and able to purchase and make the down payment as in the agreement provided.

The commission was to be paid plaintiff only upon consummation of the sale in accordance with the terms of the agreement, and the sale was to be consummated, by those terms, within 30 days after delivery of the abstract to purchasers if defendants could convey marketable title; they could so convey, the abstract was delivered to purchasers, the sale was not consummated within 30 days thereafter, through no fault of defendants, and, hence, by the terms of the agreement, plaintiff did not become entitled to a commission.

Plaintiff seeks to point out some ambiguity in the above quoted provisions of paragraphs 2 and 3 of the agreement, suggesting that the language, "If an abstract is furnished and an objection is made to title," injected a new time element, other than the 30-day period following delivery of the abstract, which left indefinite the period within which the sale was to be consummated. We see no such ambiguity. The language, regardless of who drafted the agreement, is plain that "If a marketable title can be conveyed," and it is conceded that it could have been, then "the sale shall be consummated within 30 days after delivery of such abstract." More explicit words could not have been employed. Their clarity is not diminished by the following provision requiring purchasers, "if an objection is made to title," to nonetheless consummate the sale within 10 days if defendants elected to furnish them with a policy of title insurance. Defendants did not so elect, the occasion for it did not arise because they had furnished an abstract which showed, as the fact was, that defendants could convey marketable title, and hence no question of fact could have arisen, by any stretch of the imagination or of the meaning of the language of paragraphs 2 and 3, about the controlling effect of the 30-day provision. Not only was there no question of fact for the jury in this case

about the meaning of the governing provision of the agreement as to time for consummation of the sale* but there was none concerning the noncompliance therewith. There being no dispute of facts on the controlling issues and no inferences or version of the facts possible favorable to plaintiff, it was, therefore, the duty of the court to enter judgment *non obstante veredicto* for defendants. *Sieloff* v. *Hubbell,* 352 Mich 664; *Dykema* v. *Muskegon Piston Ring Co.,* 348 Mich 129.

When a realtor does not produce a purchaser ready, willing, and able to buy in accord with the terms of the agreement with the owner or within the time therein provided he has not earned the commission. *Horton* v. *Immen,* 145 Mich 438; *Sterk & Vogel, Inc.,* v. *Kuzee,* 334 Mich 249; *Fertel* v. *Adler,* 338 Mich 689; *Tyson* v. *Herrle,* 354 Mich 298.

Affirmed. Costs to defendants.

CARR, KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.

---

* In *McPheeters* v. *Birkholz,* 232 Mich 370, 375, this Court said, in part:

"Construction of the lease, if it was open to construction, was for the court. He was right, clearly. The language fixing a definite term is not modified by the other provisions."