## FORTNER v. CONNELL.

1. BROKERS—COMMISSIONS—RESCISSION BY PURCHASER AND SELLER.
   It was reversible error in nonjury case to award judgment to plaintiff after excluding evidence of events subsequent to time of execution of preliminary agreement to purchase land in action to recover real-estate commission based on defendant seller's letter setting forth his express agreement to pay plaintiff the commission "upon the date of consummation of the deal," where preliminary agreement executed on the same day as the letter, provided for consummation of the sale by payment of $75,000 down and the execution of a land contract, on specified terms, within 30 days after delivery of an abstract of title or title policy showing seller to have marketable title; seller had refused payment of commission because deal had not been consummated; and record fails to disclose whether or not the deal had been consummated before rescission 2 months after purchasers had taken possession.

2. SAME—COMMISSIONS—CONDITION PRECEDENT.
   The real-estate broker will not be denied his commission where a condition precedent to payment of the commission fails to occur because of the seller's inaction.

3. SAME—CONSUMMATION OF DEAL—EVIDENCE.
   The exclusion of evidence that down payment on purchase price called for by the preliminary agreement to purchase land had not been made, and evidence of the seller's efforts to complete the sale *held*, reversible error in nonjury case for broker's commission; the execution of the preliminary agreement setting forth how consummation was to be effected not being sufficient to satisfy condition precedent to right to commission specifically contingent upon "consummation of the deal."

REFERENCES FOR POINTS IN HEADNOTES
[1] 8 Am Jur, Brokers § 181.
[2] 8 Am Jur, Brokers § 184.

4. SAME—COMMISSIONS—CONSUMMATION OF DEAL.

    Judgment for plaintiff for commission on sale of property of
    defendant's decedent under contract for payment of commis-
    sion "upon the date of consummation of the deal," *held*,
    error, where defendant seller's evidence bearing upon the issue
    of who was responsible for failure of consummation was ex-
    cluded.

Appeal from Oakland; Holland (H. Russel), J.
Submitted April 12, 1962. (Docket No. 63, Calendar
No. 49,467.) Decided July 2, 1962.

Assumpsit by Eugene R. Fortner against Richard
A. Connell, Jr., continued in the name of Mary S.
Connell, administratrix, for real-estate dealer's com-
mission. Judgment for plaintiff. Defendant ap-
peals. Reversed and remanded for new trial.

*Murray & Murray* (*Henry C. Murray,* of counsel),
for plaintiff.

*Colombo, Colombo, Colombo & Vermeulen,* for de-
fendant.

SOURIS, J. This is a suit for a $5,000 real-estate
commission based upon a letter to plaintiff from de-
fendant's decedent, Richard Connell, Jr., in which
Connell set forth his agreement to pay plaintiff the
commission "upon the date of consummation of the
deal." The deal referred to in the letter was con-
tained in a preliminary agreement of purchase exe-
cuted by Connell and the prospective purchasers on
the same day in January of 1957 on which plaintiff
was given the letter by Connell. That preliminary
agreement of purchase provided for consummation
of the sale by payment of $75,000 down and the exe-
cution of a land contract, on specified terms, within
30 days after delivery of an abstract of title or title
policy showing seller to have marketable title.

From the record it appears that the prospective purchasers took possession of the property in April, that in June they and Connell rescinded the deal by execution of a written "mutual release," and that Connell refused payment of the commission to plaintiff on the ground that the deal had not been consummated. At trial, defendant was not allowed by the judge, who tried the case without a jury, to introduce evidence that the down payment on the purchase price called for by the preliminary agreement had not been paid, nor was defendant allowed to introduce evidence of Connell's efforts to complete the sale. Apparently, as appears from the trial judge's written opinion awarding plaintiff his judgment, the trial judge concluded that plaintiff became entitled to his commission upon execution by the prospective purchasers and seller of the preliminary agreement in January and that no evidence of events subsequent thereto could be admitted to vary the legal effect attributed to it.

It was error to exclude evidence such as defendant sought to introduce. Plaintiff's right to be paid a commission in accordance with the terms of his agreement with Connell was expressly conditioned upon "consummation of the deal." Unlike the recent case of *Cunningham* v. *Garber*, 361 Mich 90, because of the exclusion of evidence offered, we cannot say from this record that failure of consummation of the deal was or was not the fault of Connell.* Nor, for the same reason, can we even say with any certainty, on the basis of this record, that the deal was or was not in fact consummated in accordance with the preliminary agreement. The mutual release, admitted in evidence, does not disclose at what point

---

* We have held that where a condition precedent to payment of a real-estate broker's commission fails to occur because of the seller's action or inaction, the broker will not be denied his commission. *Greenberg* v. *Sakwinski*, 211 Mich 498, and *Hayes* v. *Beyer*, 284 Mich 60.

in the transaction, or for what reason, the deal was rescinded.

This suit does not involve a broker's listing agreement by which a commission is payable upon the broker's merely providing a purchaser ready, willing, and able to buy on the seller's terms. Nor does it involve an agreement by which payment of the commission is conditioned upon a future event within the control of the broker such as was involved in *Tyson* v. *Herrle*, 354 Mich 298. It does involve, however, an express condition that the deal be consummated as stated in the preliminary agreement, and that required a down payment by the purchasers of $75,000 and their execution of a land contract on specified terms. Whether that condition was performed and, if not, whether its failure of performance was due to any fault of Connell or of plaintiff, goes to the heart of plaintiff's case and defendant's defense. In the absence of specific provision for forfeiture by either party to the preliminary agreement by which the obligations of the parties are limited, as was involved in *Kolodziejczak* v. *Bak*, 220 Mich 274, it was relevant and material to the issues here involved to determine whether Connell or plaintiff was responsible for failure to consummate the deal.

Reversed and remanded for new trial. Costs to appellant.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, OTIS M. SMITH, and ADAMS, JJ., concurred.