HAYMAN MANAGEMENT CO v DURA CORPORATION

1. BROKERS—COMMISSION—GENERAL RULE.

The general rule is that a broker is deemed to have earned his commission when the seller and purchaser have entered into a binding agreement; however, a broker and his principal may agree that the broker's right to a commission is contingent on actual performance of an executory agreement for the sale and purchase of property.

2. BROKERS—COMMISSION—FAILURE TO PERFORM—DUTY OF SELLER.

A seller has no duty to a broker, where the obligation to pay a commission is conditioned upon the passage of title, to take affirmative action in an effort to compel the purchaser to perform or to sue the purchaser either for specific performance or for damages.

3. BROKERS—COMMISSION—FAILURE TO PERFORM—APPEAL AND ERROR.

In a suit for a broker's commission on the sale of certain interests in real estate where the contract provided that no commission would become due or payable if title did not pass "for any reason whatsoever" and where the seller and purchaser had agreed for payments of certain amounts for extensions of the closing date and for an additional payment if the purchaser failed to consummate the transaction, and the sale was never consummated, the trial court did not err in granting a judgment of no cause of action, where there was no showing on the record that the seller received any amount for the loss of the bargain as distinguished from amounts paid for delay in rendering performance.

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 June 21, 1972, at Detroit. (Docket No. 12691.) Decided March 26, 1973.

Complaint by Hayman Management Co. against

REFERENCES FOR POINTS IN HEADNOTES
[1] 12 Am Jur 2d, Brokers § 174.
[2, 3] 12 Am Jur 2d, Brokers § 201.

Dura Corporation for a commission under a contract to act as a real estate broker. Judgment for defendant. Plaintiff appeals. Affirmed.

*Kass & Stein,* for plaintiff.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Robert D. Dunwoodie* and *Jane Forbes),* for defendant.

Before: LESINSKI, C. J., and LEVIN and V. J. BRENNAN, JJ.

LEVIN, J. Plaintiff, Hayman Management Co., is a real estate broker. Defendant, Dura Corporation, agreed that if Hayman obtained a purchaser for certain interests in real estate held by Dura it would pay Hayman a brokerage commission at the time of consummation. The agreement expressly provided that no commission would become due or payable if title did not pass "for any reason whatsoever".

Hayman obtained a purchaser, and Dura and the purchaser entered into an agreement dated September 5, 1969 for the sale and purchase on January 15, 1970 of the property for $1,780,000. The transaction was never consummated.

At the purchaser's request, the closing date was extended on a number of occasions. Before Dura agreed to some of the extensions, it required the purchaser to pay various amounts. The purchaser paid Dura $7,500 as compensation for expenses occasioned by one extension, $2,500 of which was to be credited against the purchase price if the transaction closed. An additional $7,500 was paid in connection with another extension and $10,000 —for a total of $25,000—was paid with the last

extension. The last extension designated January 18, 1971, as the closing date.

Dura and the purchaser had also by then agreed that if the purchaser failed to consummate the transaction the purchaser would be required to pay Dura, in addition to the payments totaling $25,000 already mentioned, $50,000 and thereupon the obligations of Dura and the purchaser would be deemed terminated. On January 7, 1971, the purchaser paid Dura $50,000 and a mutual release was exchanged.

Hayman was not a party to the agreement between Dura and the purchaser, and did not consent to any of the extensions granted by Dura or to the modifications of Dura's agreement with the purchaser.

Hayman commenced an action against Dura claiming that it is entitled to $40,818.75, the full amount of the agreed commission payable on consummation.

On the date set for trial the judge dismissed Hayman's complaint soon after its lawyer had completed his opening statement. Subsequently the judge refused to allow Hayman to amend its complaint.

In the absence of a special agreement, the general rule is that a broker is deemed to have earned his commission when the seller and the purchaser enter into a binding agreement.[1] A broker and his principal may, however, and indeed generally do, agree that the broker's right to a commission is contingent on actual performance of an executory agreement for the sale and purchase of property.[2] In this case the agreement between broker and

---

[1] *Smith-Burns Investment Co v Jones,* 240 Mich 89 (1927).

[2] *Cunningham v Garber,* 361 Mich 90, 93 (1960); *Fortner v Connell,* 367 Mich 146 (1962); *Tyson v Herrle,* 354 Mich 298 (1958).

principal clearly provided that if title did not pass "for any reason whatsoever", no commission would be payable.

Hayman, nevertheless, claims that Dura is under a duty to pay a full or partial commission. It contends:

(1) A seller cannot prevent the occurrence of a condition precedent on which the seller's duty to pay the broker a commission depends and still claim the benefit of the condition;

(2) By settling with the purchaser for a consideration and releasing him from the obligation to close, Dura must be deemed to have accepted the settlement sum as the equivalent of a closing or as substitute performance.

While it has, indeed, been recognized that active conduct of a conditional promissor, preventing or hindering the fulfillment of a condition, eliminates it and makes the promise absolute,[3] a seller is not obliged to take affirmative action in an effort to compel a purchaser to perform. Where the obligation to pay a commission is conditioned upon the passage of title, the seller has no duty to the broker to sue the purchaser either for specific performance or for damages.[4]

*Lee v Desenberg,* 2 Mich App 365 (1966), is distinguishable. There the seller had obtained a favorable ruling on a motion for summary judgment and then settled with the purchaser before the entry of a final order; thus, the seller had already prevailed in court when he entered into a settlement with the purchaser.

A group of New Jersey cases supports Hayman's

---

[3] *Hayes v Beyer,* 284 Mich 60 (1938); *Tyson v Herrle, supra.*

[4]*See Amies v Wesnofske,* 255 NY 156, 164; 174 NE 436, 438 (1931); *Todiss v Garruto,* 34 NJ Super 333, 339; 112 A2d 285, 288 (1955); *Beattie-Firth, Inc v Colebank,* 143 W Va 740, 745; 105 SE2d 5, 9; 74 ALR2d 431, 436 (1958).

contention that under some circumstances sellers have been deemed, for the purpose of determining their liability to a broker, to have accepted sums paid in settlement of purchasers' obligations as the equivalent of a closing. See *Dermody v New Jersey Realties, Inc,* 101 NJL 334, 336–337; 128 A 265, 266 (1925); *Todiss v Garruto,* 34 NJ Super 333; 112 A2d 285 (1955); *Ellsworth Dobbs, Inc v Johnson,* 50 NJ 528, 558; 236 A2d 843, 858; 30 ALR3d 1370, 1390 (1967).

It may have been proper on the facts of the *Dermody* case to say that the contract of settlement there involved substituted "payment of damages to the vendor, in the place of the purchase money". And in *Todiss* to recognize a distinction between an amount paid by a defaulting purchaser which in fairness can only be regarded as "salvage", and an amount constituting "the equivalent of performance". And in *Dobbs* to say (dictum) that a seller who retained deposit money and in addition demanded and received a substantial sum "as damages" "must be considered to have received an award representing the benefit lost, or an agreed payment representing the equivalent of performance lost".

These formulations—if they are correct at all—cannot be mechanically applied to the facts of other cases. Dura was burdened with legal expense attributable to the delays, extensions, and ultimate failure of the purchaser to close.[5] No deposit money had been paid by the purchaser. The agreed purchase price was $1,178,000; there had been a delay of more than a year in the payment

---

[5] Moreover, during the period of delay resulting from the extensions requested by the purchaser, the agreement between Dura and the purchaser had been revised to continue Dura's contingent liability as the lessee under a long-term lease to which the land to be sold had been subjected.

of the net amount of $700,000 to be paid in cash—interest computed at a reasonable rate on that sum could have approximated the $50,000 paid by the purchaser to Dura in January, 1971. In a word, there is no showing on this record that Dura received any amount for the loss of the bargain as distinguished from amounts paid for delay in rendering performance.[6]

The judge properly decided this case without taking testimony; indeed, even now no claim is made by Hayman that testimony should have been taken or that we should remand so that Hayman may offer proofs in support of its contention that the amounts Dura received were the equivalent of performance or accepted by it as substitute performance.

After making his opening statement and during the arguments that followed, Hayman's lawyer said there was "no dispute of fact". When the judge asked the lawyer if the judge's understanding that "there is no testimony to be offered in this matter" was correct, the lawyer said, "[Y]ou are right. There is an issue of law involved. * * * There is only one issue here—having settled subsequently with their buyer who could not close, is the broker entitled to commission, or is he not entitled to commission? As far as I am concerned it is an issue of law."

The amended complaint proferred after the judge ruled against Hayman expands somewhat on the facts alleged and the legal theories propounded in the originally filed complaint. In the amended complaint Hayman adds to its original claim that Dura has been unjustly enriched, claims that the

---

[6] We do not wish to be understood as expressing an opinion on whether on a different record a seller might have a responsibility to share with a broker who procures a purchaser amounts received from the purchaser on account of his failure to close.

settlement was unfair and inequitable because it did not take into account Hayman's "rights" and efforts, and that Dura received, in effect, the equivalent of performance. We have considered these claims on our review; the additional facts alleged were substantially conceded by Dura both at the hearing and in its brief filed with us.

Hayman's presentation of its appeal has not been prejudiced by the judge's refusal to allow the filing of an amended complaint.

Affirmed. Costs to defendant.

All concurred.