RICH v EMERSON-DUMONT DISTRIBUTING CORPORATION

1. Brokers—Real Estate—Leases—Commissions—Contingent Commissions—General Rules—Agreements.

   The general rules that a broker is deemed to have earned his commission when the seller and the purchaser enter into a binding agreement, and that a broker and his principal may agree that the broker's right to a commission is contingent upon the actual performance of an executory agreement are applicable to a lease as well as to a sale.

2. Brokers—Real Estate—Commissions—Leases—Failure to Execute.

   A broker did not earn his commission under the terms of an offer to lease which provided that the lessor would pay the broker's commission "upon execution of lease" where the lease was never executed.

3. Brokers—Real Estate Leases—Commissions—Implied Obligation—Default of Lessee.

   A purchaser or lessee is not subject to an implied obligation to a broker to complete a purchase or lease nor is he held liable to pay the broker's commission upon default in completion of the contract or lease.

Appeal from Oakland, John N. O'Brien, J. Submitted Division 2 May 14, 1974, at Lansing. (Docket No. 18204.) Decided August 15, 1974. Leave to appeal denied, 393 Mich —.

Complaint by Irving Rich against Emerson-Dumont Distributing Corporation, National Union Electric Corporation, and Robert Piche, for damages for breach of contract. Judgment for defendants. Plaintiff appeals. Affirmed.

References for Points in Headnotes

[1–3] 12 Am Jur 2d, Brokers §§ 160, 194, 195, 237.

   Broker's right to commission on renewal, extension, or renegotiation of lease. 79 ALR2d 1063.

*Schussel, Lifton, Simon, Rands & Kaufman* (by
*Joseph F. Galvin* and *Ronald H. Riback),* for plain-
tiff.

*Miller, Canfield, Paddock & Stone* (by *Gordon A.
Becker),* for defendants.

Before: DANHOF, P. J., and T. M. BURNS and
CARLAND,* JJ.

PER CURIAM. Plaintiff Irving Rich is a real estate
broker duly authorized and licensed under the
laws of the State of Michigan. On or about August
1, 1972, defendants, through their agent, Robert
Piche, solicited plaintiff's services for the purpose
of locating suitable warehouse space for defend-
ants' use. Plaintiff subsequently located suitable
space and on or about August 31, 1972, executed
an "offer to lease". On or about September 1, 1972,
the lessor of the premises in question, one Delmer
G. Garrison, accepted the "offer to lease" and on
September 5, 1972, the defendants' agent, Robert
Piche, acknowledged receipt of the "accepted offer
to lease".

Defendants thereafter failed to consummate the
lease. Plaintiff commenced suit alleging that de-
fendants had breached an implied promise to con-
summate the lease and claiming damages in the
amount of $8,000, a figure equivalent to the com-
mission to be paid him upon consummation of the
lease.

The Oakland County Circuit Court granted de-
fendants' motion for a summary judgment on the
basis that the complaint failed to state a claim
upon which relief could be granted. GCR 1963,
117.2(1). Plaintiff thereafter filed a motion for

---

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

judgment notwithstanding the verdict. The trial court denied the motion, thus reaffirming its dismissal of the complaint. Plaintiff now brings this appeal as of right.

The sole issue presented on appeal is:

*Where a prospective lessee enters into an executory agreement with a property owner to enter into a lease at a later time, which executory agreement contains an express promise by the owner to the real estate broker to pay him a commission at the time the lease is consummated, and where the prospective lessee does not consummate the lease, is the real estate broker entitled to recover his commission from the prospective lessee?*

In the absence of a special agreement, the general rule is that a broker is deemed to have earned his commission when the seller and the purchaser enter into a binding agreement. *Hayman Management Co v Dura Corporation,* 45 Mich App 522; 206 NW2d 754 (1973); *Smith-Burns Investment Co v Jones,* 240 Mich 89; 214 NW 946 (1927). However, a broker and his principal may, and usually do, agree that the broker's right to a commission is contingent on the actual performance of an executory agreement for the sale and purchase of property. *Hayman Management Co, supra; Fortner v Connell,* 367 Mich 146; 116 NW2d 37 (1962). Although the instant case deals with a lease rather than a contract for the sale of land, we think the principles enunciated above are nevertheless applicable.

In this case, there was no contract between plaintiff and defendant either with respect to employment or the lease arrangement. Rather, under the terms of the offer to lease, it was the lessor, and not the defendant-lessee, who agreed to pay

plaintiff a commission "upon execution of lease". Thus we see that plaintiff's right to a commission was not absolute, but contingent "upon execution of lease". Since the lease was never executed, plaintiff, under the terms of the offer to lease, has not earned his commission. Thus, the terms of the offer to lease preclude recovery of a commission by plaintiff in the absence of an executed lease.

Plaintiff, citing *Ellsworth Dobbs, Inc v Johnson,* 50 NJ 528; 236 A2d 843 (1967), asks us to imply a promise on the part of the defendant-lessee to consummate the lease and further urges us to hold that since the defendant failed to consummate the lease, he is liable to plaintiff for breach of the implied promise. *Ellsworth* is distinguishable from the case at bar since in *Ellsworth* the plaintiff was the vendor's broker, while such is not the case here. Furthermore, in *Ellsworth,* the New Jersey Supreme Court was merely extending a rule it had stated in an earlier opinion.[1] However, in our research efforts we have not uncovered any authority in this jurisdiction subjecting a purchaser or lessee to an implied obligation to a broker to complete a purchase or lease. Neither have we located any cases holding the purchaser or lessee liable to pay the broker's commission upon default in completion of the contract or lease. Nor do we think that such a rule should be applied to the facts of the present case.

The offer to lease specifically stated that the lessor was the party who would pay plaintiff his commission "upon execution of lease". As mentioned earlier, there was no express contract between plaintiff and defendant with respect to either employment or the lease transaction. Plaintiff had the opportunity to obtain from defendant an

---

[1] *Tanner Associates, Inc v Ciraldo,* 33 NJ 51; 161 A2d 725 (1960).

express promise to execute the lease or pay his commission upon failure to do so. Since plaintiff failed to procure such promise from defendant, this Court will not, as an afterthought, now imply such a promise for him.

The trial court acted properly in granting defendants' motion for summary judgment.[2]

Affirmed.

---

[2] We wish to note that our decision does not leave plaintiff totally remediless. There is evidence in the record that an action by the landlord against the defendant-lessee is currently pending. Plaintiff can await final outcome of that case, and if specific performance or damages is awarded, plaintiff's commission could be advanced therefrom, since plaintiff could maintain an action against the landlord for commission earned and unpaid. Alternatively, plaintiff could seek to join in the pending action between the landlord and the defendant lessee.