DeMELLO v McNAMARA

Docket No. 103533. Submitted February 1, 1989, at Detroit. Decided April 20, 1989.

Lancon Investment Company, a Michigan copartnership comprised of two principals, Paul F. McNamara and Larry P. Butala, owned a parcel of real estate located in the City of Roseville. On August 30, 1982, McNamara, as a partner in Lancon Investment Company, signed a listing agreement with Louis DeMello, a real estate broker doing business as Dero Industrial Group, pursuant to which DeMello would attempt to sell Lancon's property. The agreement was to run for ninety days, plus fifteen days for preparation. DeMello would be entitled to a commission if anyone shown the property by Dero during the life of the agreement purchased the property within twelve months following the expiration of the agreement if DeMello provided within forty-eight hours after expiration of the agreement a list of the names of persons to whom the property was shown. On November 22, 1982, DeMello gave McNamara a list of the people and companies to which he had shown the property. Leonard Brillati was named on the list. On that same day, McNamara and DeMello entered into a new listing agreement which would expire on April 30, 1983, and contained the same language as the first agreement with regard to payment of a commission. On April 29, 1983, DeMello sent McNamara another list of names of persons to whom he had shown the property. Although he had been shown the property only once, in October, 1982, Brillati's name was on this list also. On October 20, 1983, Leonard Brillati made an offer to purchase the property, which was accepted by Larry Butala on behalf of Lancon. Brillati paid a $10,000 deposit on the property, which was to be retained by Lancon as liquidated damages if Brillati defaulted. On December 28, 1983, Larry Butala, as a partner in Lancon Investment Company, and

REFERENCES

Am Jur 2d, Appeal and Error § 700; Contracts §§ 12, 32, 60, 247-251.

See the Index to Annotations under Contracts; Options.

Leonard Brillati, as representative of Leonard Investment Company, entered into a land contract for the sale of the property. DeMello claimed entitlement to a commission, but Lancon refused to pay. DeMello filed suit against McNamara, Butala, Lancon Investment Company, and others in Macomb Circuit Court seeking payment of the commission pursuant to the listing agreement executed on November 22, 1982. The court, Raymond R. Cashen, J., granted summary disposition in favor of defendants McNamara, Butala, and Lancon on the basis that the agreement of October 20, 1983, between Brillati and Butala constituted an option to buy, not a sale, and the December 28, 1983, land contract was entered into more than twelve months after the expiration of the August 30, 1982, listing agreement. The court explained that, while the land contract was entered into less than twelve months after the November 22, 1982, listing agreement expired, Brillati was not contacted during the term of that agreement. The court concluded that plaintiff was not entitled to a commission under the November 22, 1982, agreement. Plaintiff appealed.

The Court of Appeals *held:*

1. The listing agreements unambiguously state that plaintiff would be entitled to a commission if the property were sold or leased within the relevant time period. The property was not sold when Butala and Brillati entered into the October 20, 1983, agreement. That agreement was an option to buy because it did not bind the prospective purchaser to buy the property. If Brillati declined to proceed, Lancon's sole remedy was to retain the $10,000 deposit as liquidated damages.

2. Plaintiff's other arguments on appeal have been abandoned because they are not supported by citation of authority.

Affirmed.

1. CONTRACTS — JUDICIAL CONSTRUCTION — UNAMBIGUOUS LANGUAGE.

Unambiguous language in a contract must be construed according to its plain meaning.

2. CONTRACTS — REAL ESTATE — OFFER TO PURCHASE — OPTION TO BUY.

An offer to purchase property which does not bind the prospective purchaser to buy the property but provides for the prospective purchaser to make a deposit, which the seller may retain as liquidated damages in the event the prospective purchaser decides not to proceed, is an option to purchase, not a binding contract of sale.

3. Appeal — Unsupported Arguments — Lack of Citation.
  Arguments on appeal are considered abandoned if not supported
  by citation of authority.

*Meklir, Schreier, Nolish & Friedman, P.C.* (by
*Samuel A. Meklir*), for plaintiff.

*Robert J. Kauflin* and *Bernard P. Penzien,* for
defendants Lancon, McNamara, and Butala.

*Mager, Monahan, Donaldson & Alber* (by *Law-
rence M. Scott* and *Michael J. Farley*), for defen-
dants Purcell and L. Mason Capitani, Inc.

Before: DANHOF, C.J., and BEASLEY and MAC-
KENZIE, JJ.

PER CURIAM. Plaintiff appeals as of right from a
Macomb Circuit Court opinion and order which
granted summary disposition in favor of defen-
dants Paul McNamara, Larry Butala, and Lancon
Investment Company. MCR 2.116(C)(10). We
affirm.

Plaintiff brought this action to recover a real
estate commission. On August 30, 1982, plaintiff
doing business as Dero Industrial Group, and
McNamara, as a partner in Lancon Investment
Company, signed a listing agreement regarding a
piece of property owned by Lancon. The agreement
provided:

> If said property is sold or leased by us directly
> or for us by others within twelve (12) months after
> expiration of this agreement to a purchaser or
> tenant to have had the property submitted oral,
> written or shown to them by DERO/Real Estate Co.
> Inc. during the term of this agreement you shall
> be entitled to a full commission payable as pro-
> vided above, if agent provides list of same to
> owners within 48 hours after expiration of listing.

The agreement was to run for ninety days, plus fifteen days for preparation. On November 22, 1982, plaintiff gave McNamara a list of the people and companies to which plaintiff had shown the property. Leonard Brillati was named on the list.

On November 22, 1982, the parties entered into a new listing agreement which would expire on April 30, 1983. The second agreement contained the same language as the first agreement with regard to the payment of a commission. On April 29, 1983, plaintiff sent McNamara a list of the people and companies to which plaintiff had shown the property. Although he had been shown the property only once, in October, 1982, Leonard Brillati was also named on this list.

On October 20, 1983, Leonard Brillati executed an offer to purchase the property. Larry Butala, as representative for Lancon, accepted the offer. The agreement included a provision which stated:

> If this offer is accepted by the Seller and if title can be conveyed in the condition required hereunder, the Purchaser agrees to complete the sale within TEN (10) days after delivery of the title commitment, however, if the sale is to be consummated in accordance with paragraph B, then the closing will be governed by the time there specified for obtaining a mortgage. In the event of default by the Purchaser hereunder, the Seller may declare a forfeiture hereunder and retain the deposit as liquidated damages, the same to be Seller's sole remedy.

The deposit was $10,000. On December 28, 1983, Larry Butala, as a partner in Lancon Investment Company, and Leonard Investment Company by Leonard Brillati entered into a land contract for the sale of the property. Defendants McNamara, Butala, and Lancon Investment Company refused

to pay plaintiff a commission on the sale of the property. Plaintiff brought this action to recover the commission. The parties moved for summary disposition. The lower court granted summary disposition in favor of defendants McNamara, Butala, and Lancon Investment Company. The court concluded that McNamara, Butala, and Lancon Investment Company were not obligated to pay plaintiff a commission pursuant to the plain language of the August 30, 1982, listing agreement because the October 20, 1983, agreement constituted an option, not a sale. The court noted that if the prospective buyer declined to proceed with buying the property, then the seller's sole remedy under the October 20, 1983, agreement was to retain the $10,000 deposit. The December 28, 1983, land contract was entered into more than twelve months after the August 30, 1982, listing agreement expired.

The land contract was entered into less than twelve months after the November 22, 1982, listing agreement expired. However, the court explained that Brillati was not contacted during the term of the November 22, 1982, agreement, as required by the language of that agreement. Therefore, the court concluded that plaintiff was not entitled to a commission under the November 22, 1982, agreement.

On appeal, plaintiff claims that the lower court erred in concluding that he was not entitled to a commission. Where a contract's language is unambiguous, this Court must construe it according to its plain meaning. *Friske v Jasinski Builders, Inc,* 156 Mich App 468, 472-473; 402 NW2d 42 (1986), lv den 428 Mich 880 (1987); *DeVries v Brydges,* 57 Mich App 36, 41; 225 NW2d 195 (1974). The listing agreements unambiguously state that plaintiff would be entitled to a commission if the property

were sold or leased within the relevant time period. To the extent that the "sold" term is ambiguous, it must be construed against plaintiff since he drafted the listing agreements. *Petovello v Murray,* 139 Mich App 639, 642; 362 NW2d 857 (1984); *United Coin Meter Co v Gibson,* 109 Mich App 652, 657; 311 NW2d 442 (1981), lv den 414 Mich 898 (1982).

Plaintiff essentially contends that the property was sold when Butala and Brillati entered into the October 20, 1983, agreement, not when they entered into the December 28, 1983, land contract. We disagree. The October 20, 1983, agreement was an option because it did not bind the prospective purchaser to buy the property. *Deane v Rex Oil & Gas Co,* 325 Mich 625, 629; 39 NW2d 204 (1949). If the prospective purchaser declined to proceed, then the seller's sole remedy was to retain the $10,000 deposit as liquidated damages. The October 20, 1983, agreement was not a binding contract of sale for which a court would declare specific performance. *Smith-Burns Investment Co v Jones,* 240 Mich 89, 93; 214 NW 946 (1927). See also *LeBaron Homes, Inc v Pontiac Housing Fund, Inc,* 319 Mich 310; 29 NW2d 704 (1947).

We consider plaintiff's remaining arguments to be abandoned on appeal because they are not supported by citation of authority. *Tringali v Lal,* 164 Mich App 299, 306; 416 NW2d 117 (1987).

Affirmed.