HERWEYER v CLARK HIGHWAY SERVICES, INC

Docket No. 171720. Submitted March 15, 1995, at Grand Rapids. Decided July 11, 1995, at 9:10 A.M. Leave to appeal sought.

Jack Herweyer brought an action in the Missaukee Circuit Court against Clark Highway Services, Inc., alleging breach of an employment contract, discrimination, and retaliatory discharge. The court, Charles D. Corwin, J., granted summary disposition for the defendant, ruling that the action, which had been brought thirty-one months after the discharge, was not timely under the limitation provisions of the contract. The plaintiff appealed.

The Court of Appeals *held:*

1. A contractual limitation period that is shorter than the applicable statutory period of limitation will be upheld if it is reasonable. A contractual period is reasonable where the claimant has a sufficient opportunity to investigate and file an action, the time is not so short as to be a practical abrogation of the right of action, and the action is not barred before loss or damages can be ascertained. In this case, where the contract provided a six-month limitation period and a saving clause stating that any term found to be legally unenforceable as written is to be limited in application so as to allow the enforcement of the term as far as legally possible, the trial court did not err in concluding that, even if the six-month period was unreasonable, the limitation period could be saved by reading it as providing for an unspecified minimum reasonable time that is less than thirty-one months.

2. The question whether it is against public policy to allow employers to shorten by contract limitation periods for actions brought by employees is best addressed by the Legislature, not the Court of Appeals.

Affirmed.

NEFF, J., dissenting, stated that the six-month limitation period under the contract was unreasonable, that the saving clause was vague and ambiguous and should be stricken from

REFERENCES

Am Jur 2d, Limitation of Actions §§ 64, 65.
See ALR Index under Contracts; Limitation of Actions.

the contract, that the statutory three-year period of limitation should apply, and that the case should be remanded for trial. Alternatively, the matter should be remanded for a hearing to determine whether thirty-one months was a reasonable contractual period of limitation.

LIMITATION OF ACTIONS — CONTRACTS — STATUTES OF LIMITATION.

A contractual limitation period that is shorter than the applicable statutory period of limitation will be upheld if it is reasonable; a contractual period is reasonable where the claimant has a sufficient opportunity to investigate and file an action, the time is not so short as to be a practical abrogation of the right of action, and the action is not barred before loss or damages can be ascertained.

*Bott & Spencer, P.C.* (by *R. Dillon McCormick*), for the plaintiff.

*Warner, Norcross & Judd* (by *Robert J. Chovanec, Douglas E. Wagner,* and *Rodrick W. Lewis*), for the defendant.

Before: SAWYER, P.J., and GRIFFIN and NEFF, JJ.

SAWYER, P.J. Plaintiff appeals from an order of the circuit court granting summary disposition in favor of defendant on plaintiff's claim for breach of contract, discrimination, and retaliatory discharge on the basis of the claim not having been timely brought under the provisions of that contract. We affirm.

Plaintiff entered into an employment contract with defendant, which contract included provisions that any claims arising from the termination of employment must be brought within six months and that plaintiff specifically waived any applicable statute of limitations to the contrary. Plaintiff was discharged after filing a worker's compensation claim. Thirty-one months later, plaintiff brought the instant action. Defendant moved to have the action dismissed on the basis of the

contractual provision of bringing all claims within six months, and the trial court granted summary disposition.

We first jointly consider two of plaintiff's arguments, namely that the trial court erred in granting summary disposition when the applicable statute of limitations had not run and whether the contractual provision of a six-month limitation was unreasonable and, therefore, the full statutory period should be applied. It is settled law in Michigan that the courts will uphold a contractual provision limiting the time to bring suit where that limitation is reasonable, even though the period specified is less than the applicable statute of limitations. *Camelot Excavating Co, Inc v St Paul Fire & Marine Ins Co,* 410 Mich 118, 126; 301 NW2d 275 (1981). The determination of such reasonableness is made by looking at whether the claimant had a sufficient opportunity to investigate and file an action, the time was not so short as to be a practical abrogation of the right of action, and the action was not barred before the loss or damages could be ascertained. *Id.* at 127.

In the case at bar, the trial court expressed its reservation that the six-month limitation provided for in the contract may not be reasonable, but concluded that in any event a reasonable time would be less than the thirty-one months in which it took plaintiff to commence suit and, therefore, plaintiff's action was barred by the contractual provision. Plaintiff, in essence, argues that if the six-month period is unreasonable, then the statutory provision of a three-year period of limitation must be applied.

In concluding that the contract can be read to provide for a reasonable period of limitation less than the three years provided by statute, but nonetheless more than the six months specifically

provided in the contract, the trial court looked to a provision in the contract that stated that if any term was found to be legally unenforceable as written, the particular provision would be limited to allow its enforcement as far as legally possible. The trial court interpreted this provision to mean that even if the six-month period provided in the contract was unreasonable, that provision would then be read as providing for the minimum reasonable time. While the trial court did not specifically indicate what the minimum reasonable time was, it did determine that it was less than the thirty-one months that it took plaintiff to bring suit. We agree with the trial court's interpretation of the contract.

The savings clause in the contract can be read as providing that the period of limitation shall be the minimum reasonable time in excess of six months. Furthermore, like the trial court, we agree that thirty-one months is in excess of the minimum reasonable time. While we do not draw a bright line with respect to what the minimum reasonable time is, we are not persuaded that plaintiff required thirty-one months in which to investigate and file the action, nor would a period of less than thirty-one months operate as a practical abrogation of the right to sue and certainly did not bar the bringing of the action before the loss or damage could be ascertained. See *Camelot, supra* at 127. Therefore, whatever the minimum reasonable time is, it is less than thirty-one months. Accordingly, the action was barred by the provisions of the contract at the time plaintiff brought the action. Thus, the trial court properly granted summary disposition in favor of defendant.

Plaintiff also argues that allowing employers to shorten the statute of limitations for employment

actions is contrary to public policy. That may or may not be the case, but we believe it presents a public policy question best addressed by the Legislature, not this Court. The Legislature is in a superior position to consider the arguments, consider the ramifications of restricting the right to contract in this area, and determine what is in the public interest. If the Legislature deems such contractual provisions to be contrary to public policy, it may endeavor to enact the appropriate legislation. We, however, decline to impose by judicial fiat such restrictions on the right to contract.

Affirmed. Defendant may tax costs.

GRIFFIN, J., concurred.

NEFF, J. *(dissenting)*. The trial court and the majority here reached the conclusion that the six-month limitation period contained in the "APPLICATION FOR EMPLOYMENT" is unreasonable, and I agree with that conclusion. However, I cannot agree that a further provision in the application to the effect that if the six-month term is found to be unenforceable, then a "minimum reasonable time" is to be determined and enforced "as far as legally possible" can properly be read to support the conclusion that thirty-one months is unreasonably long.

I

As a preliminary matter, I note that the language of the contract is vague and ambiguous. It seems obvious that the drafter (presumably defendant or its attorney) contemplated the probability that the six-month limitation period would be attacked in these circumstances and the possibility of a finding that it is unreasonable, as was found

to be the case. In anticipation of this result the "minimum reasonable time" and "as far as legally possible" language were added, but without any effort to define these imprecise terms, leaving the parties, and ultimately the courts, with the task of interpretation case by case. This situation leads to an inexact limitation period and, inevitably, to the possibility of different limitation periods arising out of the same contract language.

I find this potential to be untenable. Surely, parties are entitled to certainty in their legal dealings to a greater degree than this contract language allows, particularly with regard to the time limits that govern their mutual rights to seek redress against each other in the courts. Because it is ambiguous and might lead to unreasonable results, I would construe this language strictly against the drafter and strike it from the agreement. See *DeMello v McNamara,* 178 Mich App 618, 623; 444 NW2d 149 (1989). This would restore the parties to reliance on the applicable statutory limitation periods that have been established by the Legislature. This result would serve a number of important purposes. First, it would provide certainty to the determination of the time in which to bring suit. Second, as the legislative articulation of the limitation period, it is a simple, straightforward, and objective measure of what time period is "reasonable."

II

Next, I share the concerns expressed by the trial court with regard to the public policy arguments raised by plaintiff. Shortening the statute of limitations to six months will result in premature litigation because parties will be forced to rush to file suit before they have the opportunity to miti-

gate damages or fully investigate their claims. This is not in keeping with the purpose of a statute of limitations, that is, to protect defendants against stale or fraudulent claims. See *Larson v Johns-Manville Sales Corp,* 427 Mich 301, 310; 399 NW2d 1 (1986).

In addition, an employee who must choose between signing an agreement such as the one in this case or risking termination does not deal at arm's length with the employer. This is not a commercial setting where the parties could negotiate the terms of their agreement with regard to the limitation period or even one in which the employee was represented by a labor union that could have negotiated the terms and conditions of employment on his behalf. Where the parties are not on equal footing, the reduction in the limitation period for causes of action pursuant to remedial statutes should not be permitted lightly.

### III

Further, my review of the record reveals that there is nothing to establish whether the thirty-one-month time period between termination and filing was reasonable. If we assume that the language of the application permits a judicial determination of a limitation period more than six months but less than the period established by the Legislature, then defendant has the burden of showing that the elapsed time was unreasonable and plaintiff should have the opportunity to establish whether the time period in question was reasonable. The determination should, in any event, be measured by some objective standard of reasonableness. It is not enough to say, as the trial court did, that while we agree that a six-month period is unreasonably short and therefore unen-

forceable, thirty-one months exceeds the fuzzy "minimum reasonable time," but without articulating any reasons for that finding and without saying just how much time does fit within the "minimum reasonable time." At the very least, we should remand this case to give plaintiff the opportunity to establish whether thirty-one months is reasonable within the context of this case.

IV

Finally, I note that the majority relies for its conclusion on *Camelot Excavating Co, Inc v St Paul Fire & Marine Ins Co,* 410 Mich 118; 301 NW2d 275 (1981). In my view, that case is distinguishable from this one and does not support the result for which it is cited as authority.

The *Camelot* case involved a shortened statute of limitations in a construction bond. Two commercial entities, a general plumbing contractor and an insurance company, were the principal and the surety on the bond, which was a labor and material bond, the purpose of which was to protect the owner of the construction project against claims of those who furnished labor or materials to the contractor. The owner of the project was therefore a third-party beneficiary of the bond contract. There is nothing remotely similar in the fact situation of this case where the employer and an individual employee are parties to the application that shortens the limitation period solely for the benefit of the employer.

Ultimately, I agree with Justice Levin's concurring opinion in *Camelot, supra* at 140-143, that the holding there is limited to the narrow circumstances of that case. Specifically, I agree with the following statement:

The rationale of the rule allowing parties to

contractually shorten statutory periods of limitation is that the shortened period is a bargained-for term of the contract. Allowing such bargained-for terms may in some cases be a useful and proper means of allowing parties to structure their business dealings. [*Id.* at 141.]

Thus, to the extent this rule is applicable in other settings, I would require that the parties to the contract, in contrast to the parties here, be more equal with regard to bargaining power. See, e.g., *Rowry v Univ of Michigan,* 441 Mich 1, 19, n 2; 490 NW2d 305 (1992), concurring opinion of RILEY, J. (suggesting that public policy does not prohibit parties to a collectively bargained for agreement from shortening the period of limitation). By allowing this rule to apply in situations involving parties possessing unequal bargaining power, the majority will be allowing one of the contracting parties to unilaterally supplant the period of limitation mandated by the Legislature, a questionable practice from a public policy standpoint. *Camelot, supra* at 141.

Accordingly, I would reverse and remand for trial or, in the alternative, for a hearing to determine if a thirty-one-month time period was reasonable on the basis of the facts of this case.