FARMERS INSURANCE EXCHANGE v HORENBURG

1. INSURANCE—CLAIMS—TIME LIMIT—PREJUDICE.

A belated request for arbitration of a claim under the uninsured motorist provision of an insurance policy by an insured party who suffered loss in an accident with an uninsured motorist, does not prejudice the insurance company where they had prompt actual notice of the accident and injuries and investigated the claim.

2. INSURANCE—UNINSURED MOTORIST COVERAGE—CLAIMS—TIME LIMIT —ACCIDENT CLAIMS FUND—PUBLIC POLICY.

A time limitation in the uninsured-motorist clause of an automobile insurance policy shorter than the time limit for claims against the Motor Vehicle Accident Claims Fund, which may thus increase exposure of the fund, violates the public policy sought to be achieved by requiring uninsured-motorist coverage unless rejected in writing by the insured (MCLA 500.3010).

Appeal from Macomb, Howard R. Carroll, J. Submitted Division 2 June 10, 1972, at Detroit. (Docket No. 12543.) Decided September 27, 1972.

Complaint by Farmers Insurance Exchange against Edward and Dorothy Horenburg for a declaratory judgment as to plaintiff's liability under an insurance policy. Judgment for plaintiff. Defendants appeal. Reversed.

*Harvey, Kruse & Westen* (by *James N. Martin*), for plaintiff.

*Halsey, Halsey & McNamara,* for defendants.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 44 Am Jur 2d, Insurance § 1464.

Before: DANHOF, P. J., and LEVIN and BORRA-
DAILE,* JJ.

BORRADAILE, J. On December 10, 1966, the de-
fendants were in an accident with an uninsured
motorist. The plaintiff was notified of the accident
and injuries promptly, and an investigation was
made by the plaintiff. Some year and a half later
the plaintiff and the defendants brought suit
against the uninsured motorist. While that case
was pending, new counsel for the defendants de-
cided that they were covered under their policy
with the plaintiff and asked for arbitration of the
claim. The plaintiff responded by filing an action
for a declaratory judgment.

The trial court held that the defendants could
not recover under the uninsured-motorist provi-
sion of their insurance contract with the plaintiff
because the defendants had failed to perfect their
cause of action within the one-year limitation
provision of the insurance policy.

The sole issue is whether the one-year contrac-
tual provision limiting the time in which the
insured may perfect a cause of action for unin-
sured-motorist coverage is valid.

The pertinent part of the contract states:

"(3) no cause of action shall accrue to the insured
unless within one year from the date of accident (a) suit
for bodily injury has been filed against the uninsured
motorist, in a court of competent jurisdiction, or (b)
agreement as to the amount due under this Part II has
been concluded, or (c) the insured has formally insti-
tuted arbitration proceedings."

No controlling authority has been cited by the
parties. The plaintiff's reference to a California

* Probate judge, sitting on the Court of Appeals by assignment.

statute explicitly allowing a one-year contractual provision limiting the time in which the insured may perfect a cause of action for uninsured-motorist coverage is of little help since there is no similar explicit language in the Michigan statutes.

Again, plaintiff's contention that it is well-settled Michigan law that periods of limitation in insurance policies are valid does not resolve the issue whether the same result should follow when uninsured-motorist coverage is involved. Compare 31 ALR2d 645 *et seq.*

By statute all motor vehicle personal injury liability policies must provide uninsured-motorist coverage unless the insured rejects such coverage in writing. MCLA 500.3010; MSA 24.13010. By statute all claims or actions under which a person seeks to recover from the Motor Vehicle Accident Claims Fund must be filed or commenced within three years from the date of the accident. MCLA 257.1128; MSA 9.2828.

Recently, our Supreme Court said the purpose of the Legislature in passing the Motor Vehicle Accident Claims Act was to compensate those persons who were injured as a result of the negligent operation of a motor vehicle by an uninsured person. *Lisee v Secretary of State,* 388 Mich 32 (1972). The Court then held that the plaintiffs' failure to file notice within the time required by MCLA 257.1118; MSA 9.2818 did not bar recovery under the circumstances of the case. The Court said that the purpose of the notice of intent to claim was to afford an opportunity to investigate and preserve the evidence before the claim had become too stale, and to protect the Fund from spurious claims for which no defense could be made for want of timely notice and timely investigation. Since the Secretary of State had received

actual notice of the accident and an investigation of the events surrounding the accident was made, the Secretary of State was not prejudiced by the plaintiffs' failure to comply with MCLA 257.1118, *supra.*

Similarly in the present case, the insurance company had prompt actual notice of the accident and injuries and did investigate so there was no prejudice to the plaintiff by reason of the defendants' belated request for arbitration.

The defendants have cited three cases from this Court in which automobile liability policy provisions in derogation of the statutory uninsured motorist coverage provisions were held invalid. *Woods v Progressive Mutual Insurance Co,* 15 Mich App 335 (1968); *Blakeslee v Farm Bureau Mutual Insurance Co of Michigan,* 32 Mich App 115 (1971); and *Allstate Insurance Co v Motor State Insurance Co,* 33 Mich App 469 (1971).

While none of those cases is precisely in point, there is an analogy between them and the present case in that if the contractual time limitation is valid the defendants have two years less in which to perfect their claim against the plaintiff than if they had sought recovery from the Motor Vehicle Accident Claims Fund.

Since sustaining the validity of the time limitation might increase exposure of the Motor Vehicle Accident Claims Fund, we conclude that the time limitation violates the public policy sought to be achieved by requiring uninsured-motorist coverage unless rejected in writing by the insured.

Reversed, costs to the defendants.

All concurred.