HELLEBUYCK v FARM BUREAU GENERAL
INSURANCE COMPANY OF MICHIGAN

Docket No. 243940. Submitted January 6, 2004, at Lansing. Decided
February 10, 2004. Approved for publication June 3, 2004, at 9:00
A.M.

Maurice Hellebuyck brought an action in the Macomb Circuit Court
against Farm Bureau General Insurance Company of Michigan
after the defendant denied the plaintiff underinsured motorist
benefits under a policy of no-fault automobile insurance. The
denial was based on a provision in the policy for a one-year period
of limitations within which to bring an action against the insurer
following the date of the accident for which coverage is sought.
The court, Deborah A. Servitto, J., denied the defendant's motion
for summary disposition, finding the language in the policy
ambiguous and unenforceable. The defendant appealed by leave
granted.

The Court of Appeals *held*:

The relevant policy language that states that "[n]o claimant
may bring a legal action against the company more than one year
after the date of the accident" is not ambiguous. The language of
the policy and its amendments was not confusing or misleading.
The trial court erred in denying the defendant's motion for
summary disposition because it is undisputed that the complaint
was filed more than one year after the accident.

Reversed.

*Francis M. Fitzgerald* and *Mark Granzotto* for the
plaintiff.

*Law Offices of G.W. Caravas & Associates, P.C.* (by
*Gary W. Caravas*), for the defendant.

Before: DONOFRIO, P.J., and GRIFFIN and JANSEN, JJ.

PER CURIAM. Defendant appeals by leave granted
from an opinion and order denying its motion for

summary disposition of plaintiff's claim for underinsured motorist benefits, which motion was based on failure to comply with the insurance policy's contractual limitations period. The record presented reveals that the circuit court erred by denying defendant's motion for summary disposition because it is undisputed that plaintiff's complaint was filed over one year after the accident causing the injury. Therefore, plaintiff's action is barred by the unambiguous one-year limitations period contained in the policy. We reverse. This case is being decided without oral argument pursuant to MCR 7.214(E).

Defendant was plaintiff's automobile insurer under a policy issued on March 23, 1999. In addition to the required no-fault benefits, the parties contracted for supplemental and voluntary insurance coverage, including uninsured or underinsured motorist benefits. The insurance policy was accompanied by written endorsements changing specific terms. The latest amendments contained the following relevant language regarding lawsuits against defendant:

> Action against the Company is replaced by the following:
>
> No action can be brought against the company, unless there has been full compliance with all the policy provisions. No claimant may bring a legal action against the company more than one year after the date of the accident.

As noted by the trial court, plaintiff does not dispute that he received the policy, including the amendatory endorsement.

Plaintiff was injured in a multiple-car collision on September 3, 1999. He promptly notified defendant of the accident in September 1999 and applied for and

received no-fault benefits in October 1999. In December 2000 plaintiff underwent shoulder surgery to correct injuries caused by the September 1999 collision. Plaintiff presented a residual bodily injury claim against the at-fault driver's insurance carrier. The responsible driver was insured at the minimum $20,000/40,000 level. In March 2001, plaintiff, for the first time, notified defendant of his claim for underinsured motorist benefits arising from the September 1999 collision. Defendant rejected this claim on the basis that the claim was tardy, noting that no legal action could be brought because the policy's limitations clause required that any action be brought within one year after the accident.

Plaintiff filed his complaint against defendant in July 2001, seeking underinsured motorist coverage under the policy issued by defendant. Plaintiff's complaint alleged claims for breach of contract, bad faith, and egregious conduct. Defendant moved for summary disposition pursuant to MCR 2.116(C)(7) and (10) on the basis of the one-year contractual limitations period contained in the amendments to the policy. Defendant argued that it was undisputed that plaintiff did not make any claim for underinsured motorist benefits until well over one year after the September 1999 collision. Plaintiff argued that a question of fact existed regarding whether plaintiff received the amendment containing the one-year limitations period, and, in any event, that the policy language was ambiguous and should not be enforced against him. Defendant countered that plaintiff could not argue that he was misled by ambiguous policy terms if he claimed that he never received or saw the policy language.

The circuit court denied defendant's motion in a written opinion and order. The court rejected plaintiff's

argument that he never received the amendment in question, noting that plaintiff admitted receiving the policy, the amendment was mentioned in the declaration sheet attached to plaintiff's complaint, it was plaintiff's responsibility to ensure he received all documents described in the declaration sheet, and finally, the insured was held to a knowledge of the policy conditions. Despite rejection of plaintiff's first argument, the circuit court found the amendatory language ambiguous and unenforceable. The court found that under the common legal usage, an "action" under the contract meant a lawsuit filed against defendant. The court found that because defendant invoked the one-year limitations period before plaintiff had even filed an action against it, "it is unclear how this provision acts to bar plaintiff's claim." Subsequently, defendant moved for reconsideration. The court denied the motion in a written order stating again that the amendatory language was ambiguous. Defendant now appeals to this Court and, in accordance with the order of this Court granting leave to appeal, our review is limited to only those issues raised in defendant's application for leave to appeal.

We review a trial court's decision on a motion for summary disposition de novo. *Auto Club Group Ins Co v Burchell*, 249 Mich App 468, 479; 642 NW2d 406 (2002). A motion for summary disposition should be granted when, except with regard to the amount of damages, there is no genuine issue in regard to any material fact and the moving party is entitled to judgment as a matter of law. MCR 2.116(C)(10), MCR 2.116(G)(4); *Veenstra v Washtenaw Country Club*, 466 Mich 155, 164; 645 NW2d 643 (2002). The trial court must consider affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties,

MCR 2.116(G)(5), in a light most favorable to the nonmoving party. *Veenstra, supra* at 164.

Defendant argues on appeal that the circuit court erred by finding the policy language ambiguous and by relieving plaintiff of his obligation to comply with the one-year time limit. The construction and interpretation of the language of an insurance contract presents an issue of law that is reviewed de novo. *Allstate Ins Co v Muszynski*, 253 Mich App 138, 140-141; 655 NW2d 260 (2002). "This Court interprets an insurance contract by reading it as a whole and according its terms their plain and ordinary meaning." *Farm Bureau Mut Ins Co v Buckallew*, 246 Mich App 607, 611; 633 NW2d 473 (2001). The terms of an insurance policy are to be enforced as written when no ambiguity is present. *Id.* A contract is ambiguous when its words may be reasonably understood in different ways. *Raska v Farm Bureau Mut Ins Co of Michigan*, 412 Mich 355, 362; 314 NW2d 440 (1982). If a contract, however inartfully worded or clumsily arranged, fairly admits of but one interpretation, it may not be said to be ambiguous. *Id.* This Court will construe a policy containing ambiguous terms in favor of the insured and against the insurer. *Buckallew, supra* at 612.

Our Supreme Court upheld a very similar limitation on claims for uninsured motorist benefits in *Morley v Automobile Club of Michigan*, 458 Mich 459; 581 NW2d 237 (1998). In *Morley*, the plaintiff, like the plaintiff here, claimed the policy's limitations period language was ambiguous in its application. The Court noted that "we enforce the contract as written if it fairly allows but one interpretation," and stated, "we find that the contract at issue is not ambiguous as claimed by plaintiffs because it fairly allows but one interpretation . . . ." *Id.* at 465. Here the relevant contract lan-

guage states that, "No claimant may bring a legal action against the company more than one year after the date of the accident." This contractual language is not ambiguous, and clearly barred actions for underinsured motorist benefits brought more than one year after the accident that gave rise to those claims. The fact that the insurer denied the claim when it was made because the claim was unenforceable against the insurer under the policy clause providing a one-year limitations period does not support the trial court's finding of ambiguity. Also, contrary to the circuit court's findings, the heading on the amendment was not likely to confuse or mislead plaintiff. The title immediately above the amended contract language, "Action Against Company," is easily found in the "Conditions" section to the policy and was obviously meant to change the language appearing under that title.

In summary, our review of the record reveals that the circuit court erred by denying defendant's motion for summary disposition. It was undisputed that plaintiff's complaint was filed over one year after the accident that caused the injury. Thus, plaintiff's action was barred by the one-year limitations period contained in the policy.

Reversed.