RORY v CONTINENTAL INSURANCE COMPANY

Docket No. 242847. Submitted February 12, 2004, at Detroit. Decided July 6, 2004, at 9:05 A.M. Leave to appeal sought.

Shirley Rory and Ethel Woods brought an action in the Wayne Circuit Court against Continental Insurance Company, alleging that their claim for uninsured motorist benefits, submitted sixteen months after the accident causing their injuries, was unreasonably refused because the insurance company invoked a policy provision that such a claim or suit must be brought within one year from the date of the accident. The court, Robert L. Ziolkowski, J., denied the defendant summary disposition because it determined that the contractual one-year claim limit in the policy had to be reasonable, but it was not because it was shorter than the three-year statute of limitations for bringing an action against a negligent driver. The court also concluded that the contractually shortened one-year period of limitations in this case acted as a practical abrogation of the right of action and barred the action before the loss or damage could be ascertained. The defendant appealed on the basis that the terms of a contract or insurance policy should be enforced as written when there is no ambiguity, as in this case.

The Court of Appeals *held*:

1. If the period of limitations in the parties' contract is not specific and reasonable, the court should defer to the statutory period of limitations for an action of that sort.

2. The reasonableness of the contractual period of limitations is determined by whether there is sufficient opportunity to investigate and file an action, whether the time will be so short that it is a practical abrogation of the right of action, and whether the action would be barred before the loss could be ascertained. On the basis of that test, the one-year period of limitations clause in this case is unreasonable and the default period of limitations is three years, the limitations period for personal injury claims against negligent drivers.

Affirmed and remanded for further proceedings.

INSURANCE — CONTRACTUAL PERIODS OF LIMITATIONS — REASONABLENESS.

Parties to an insurance contract may agree to a period of limitations shorter than the applicable statute of limitations provided that the

abbreviated period remains reasonable; the reasonableness of a contractual period of limitations is determined by assessing the degree to which there is sufficient opportunity to investigate and file an action, whether the time will be so short that it is a practical abrogation of the right of action, and whether the action would be barred before the loss could be ascertained.

*David D. Turfe* for the plaintiffs.

*Garan Lucow Miller, P.C.* (by *Robert D. Goldstein* and *Jami E. Leach*), for the defendant.

Before: BORRELLO, P.J., and WHITE and SMOLENSKI, JJ.

PER CURIAM. Defendant Continental Insurance Company (Continental) appeals by leave granted the circuit court's order denying it summary disposition. The question is whether the contractual provision in defendant's uninsured motorist endorsement providing that a "[c]laim or suit must be brought within 1 year from the date of the accident" is reasonable. We hold that it is not, and we affirm.

I

On May 15, 1998, plaintiffs were injured in an automobile accident. Defendant was their insurer. On or about September 21, 1999, plaintiffs brought a first party no-fault suit against defendant and a third party no-fault suit against the other driver, Charlene Denise Haynes. Plaintiffs then learned that Haynes was uninsured. Plaintiffs notified defendant of their uninsured motorist claim on March 14, 2000. Defendant denied coverage and, on August 18, 2000, plaintiffs brought this second lawsuit against defendant for uninsured motorist benefits.

With respect to uninsured motorist benefits, plaintiffs' insurance policy provided: "Claim or suit must be

brought within 1 year from the date of accident." Defendant moved for summary disposition, relying on this provision. The circuit court denied the motion, citing *Timko v Oakwood Custom Coating, Inc*, 244 Mich App 234; 625 NW2d 101 (2001). The circuit court reasoned that the insurance policy's one-year filing limitation had to be unreasonable, because it was shorter than the three-year statute of limitations that applied to an action against the tortfeasor, and concluded:

> Here, the Plaintiffs gave their insurance carrier notice of an uninsured motorist claim one year and ten months after the accident. This is over one year less than the Plaintiffs would have by statute to file a third party negligence lawsuit against the negligent driver, wherein Plaintiff[s] would ascertain whether the tortfeasor was in fact insured or uninsured. Consequently, the shortened period of limitations in this case acts as a practical abrogation of the right of action, and also bars the action before the loss or damage can be ascertained. As such, the shorter period of limitation in this matter is unreasonable.

Defendant sought leave to appeal this ruling, which was denied. On April 23, 2002, this Court released an unpublished opinion in *Williams v Continental Ins Co*, unpublished opinion per curiam of the Court of Appeals (Docket No. 229183), holding that the one-year limitation on filing an underinsured motorist claim and bringing a lawsuit was not so unreasonable as to be unenforceable. Defendant then brought a second motion for summary disposition, noting that the same clause was at issue. Stating that it was not bound by *Williams* and disagreed with it, the circuit court again denied the motion. It concluded that this clause in effect reduced the six-year statute of limitations applicable to an insurance contract action to one year and pointed out that the clause was likely not brought to the parties' attention when they entered into the contract. Further,

it concluded that it was unreasonable in light of the three years given by statute to bring a serious impairment claim, because it often takes three years to investigate or determine whether there is a serious impairment justifying a claim. Defendant then sought leave to appeal, which this Court granted by order dated October 11, 2002.

II

We note at the outset that the issue is solely one of reasonableness. Questions of ambiguity and public policy are not at issue. The Supreme Court, in *Morley v Auto Club of Michigan,* 458 Mich 459; 581 NW2d 237 (1998), and this Court, in *Hellebuyck v Farm Bureau General Ins,* 262 Mich App 250; 685 NW2d 684 (2004),[1] application for leave to appeal pending, have held that similar provisions are unambiguous.[2] Further, an earlier statute requiring that uninsured motorist coverage be provided unless rejected in writing, MCL 500.3010, was repealed when the no-fault insurance scheme was enacted. Thus, the public policy of this state as expressed in its statutes is not implicated here.[3]

---

[1] Defendant filed a supplemental authority brief citing *Hellebuyck.*

[2] Neither *Morley* nor *Hellebuyck* addressed the issue of the reasonableness of the contractual limitation. *Morley* only involved the issue whether the policy was ambiguous. The contractual provision in *Morley* provided for a three-year limitations period, and its reasonableness was not addressed. *Hellebuyck* also addressed only the issue of ambiguity. The reasonableness of the one-year limitation was not considered.

[3] A number of courts have invalidated insurance contract provisions shortening the time in which to file uninsured motorist claims. We do not rely on these cases because they were decided in jurisdictions that have statutes requiring that uninsured motorist insurance be offered, as was the case in Michigan before the repeal of an earlier MCL 500.3010. See *Farmers Ins Exch v Horenburg,* 43 Mich App 91; 203 NW2d 742 (1972), in which the Court of Appeals invalidated a one-year contractual limitations period for filing uninsured-motorist claims as violative of the public

Generally, the terms of an insurance contract will be enforced as written when no ambiguity is present. *Morley, supra* at 465. However, where a contract provision shortens the otherwise applicable statute of limitations, the shortened period must be reasonable. In *Timko,* the Court explained:

> [P]arties may contract for a period of limitation shorter than the applicable statute of limitation provided that the abbreviated period remains reasonable. The period of limitation "is reasonable if (1) the claimant has sufficient opportunity to investigate and file an action, (2) the time is not so short as to work a practical abrogation of the right of action, and (3) the action is not barred before the loss or damage can be ascertained." *Herweyer [v Clark Hwy Ser-*

policy sought to be achieved by requiring uninsured-motorist coverage unless rejected in writing by the insured. Nevertheless, to the extent these cases discuss the reasonableness of the contractual limitations in light of the coverage provided by the endorsement, they are instructive.

See *Gordon v Kentucky Farm Bureau Ins Co,* 914 SW2d 331, 332 (Ky, 1995) (one-year contractual limitation period was held unreasonably short during which to make an uninsured motorist [UM] claim); *Elkins v Kentucky Farm Bureau Mut Ins Co,* 844 SW2d 423 (Ky App, 1992) (one-year period of limitations in UM policy to file suit was unreasonably short and such period "would completely frustrate the no-fault insurance scheme"); *Brown v State Auto Property & Cas Ins Cos,* 189 F Supp 2d 665, 671 (WD Ky, 2001) (applying Kentucky law, the court held a two-year contractual limitation on bringing underinsured motorist [UIM] benefits claim unreasonable, noting that *Gordon* demonstrated that "it is illogical . . . to require a plaintiff to sue her own insurer for uninsured motorist benefits before being required to discover whether or not the tortfeasor is in fact [uninsured or underinsured . . . and] prior to being required to sue the tortfeasor . . . ."); *Miller v Progressive Cas Ins Co,* 69 Ohio St 3d 619, 624; 635 NE2d 317 (1994) (one-year contractual limitations period to make UM/UIM claim was held void as against public policy); *Sandoval v Valdez,* 91 NM 705; 580 P2d 131 (NM App, 1972) (one-year limitations period in policy providing uninsured motorist coverage was held invalid as against general personal injury statute of limitations); and *Burgo v Illinois Farmers Ins Co,* 8 Ill App 3d 259; 290 NE2d 371 (1972) (one year limitations period contained in UIM policy was held invalid, so the statute of limitations applicable to contract actions would govern).

*vices, Inc,* 455 Mich 14, 20; 564 NW2d 857 (1997)], citing
*Camelot Excavating Co, Inc v St Paul Fire & Marine Ins
Co,* 410 Mich 118, 127; 301 NW2d 275 (1981). [*Timko,* 244
Mich App 239-240.]

The *Timko* Court concluded that a six-month contrac-
tual limitation was reasonable on the basis of these
three prongs where six months was deemed sufficient to
investigate and file an age discrimination claim.

In *Herweyer,* 455 Mich 16, the plaintiff signed an
employment contract that gave him six months after
the termination of his employment to commence an
action related to his employment. The contract also
contained a "saving" clause that provided that if a
provision of the contract is found to be legally unen-
forceable as written, the agreement shall be limited to
allow its enforcement as far as legally possible. The
circuit court expressed reservations about enforcing the
six-month period of limitations, but concluded that,
even if that term were unreasonable, the thirty-one-
month period taken by the plaintiff was unreasonable.
That Court did not directly address whether that limi-
tation was reasonable, holding that, even if it were
unreasonable, the plaintiff did not file within the mini-
mum reasonable time in excess of six months that was
arguably provided for by a saving clause. *Herweyer v
Clark Hwy Services, Inc,* 212 Mich App 105, 108; 537
NW2d 225 (1995). In the Supreme Court, the issue was
whether the lower courts had properly held that the
contract's saving provision could be read to require that
any claims be brought within the minimum reasonable
period. 455 Mich 18-19. The Supreme Court reversed,
holding that the saving clause was vague and ambigu-
ous, that uncertain periods of limitations such as might
be found based on the saving clause were undesirable,
and that the statutory limitations period was an objec-
tive indicator of what was reasonable. It held that

"[c]ourts should defer to the statutory period unless the period in the parties' contract is specific and reasonable." 455 Mich 24. In the course of reaching this conclusion, the Court stated:

> Employment contracts differ from bond contracts [like the one at issue in *Camelot Excavating Co,* 410 Mich 118]. An employer and employee often do not deal at arm's length when negotiating contract terms. An employee in the position of plaintiff has only two options: (1) sign the employment contract as drafted by the employer or (2) lose the job. Therefore, unlike in *Camelot* where two businesses negotiated the contract's terms essentially on equal footing, here plaintiff had little or no negotiating leverage. Where one party has less bargaining power than another, the contract agreed upon might be, but is not necessarily, one of adhesion, and at the least deserves close judicial scrutiny. [455 Mich 21.]

III

The statute of limitations for bringing a claim based on a breach of contract, such as the insurance contract here, is six years. MCL 600.5807(8). The statute of limitations for bringing a claim against a negligent driver for bodily injury is three years. MCL 600.5805(10).

The uninsured motorist endorsement at issue provides that a claim or suit must be brought within one year of the accident. We conclude that the one-year contractual limitations period is not reasonable under *Timko* and *Herweyer.* Uninsured motorist coverage pays compensatory damages that a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of a bodily injury sustained by the covered person caused by an accident arising out of the ownership, maintenance, or use of an uninsured motor vehicle. The owner or operator of the

uninsured vehicle is only subject to tort liability for noneconomic loss if the injured (covered) person has suffered death, serious impairment of a body function, or permanent serious disfigurement. MCL 500.3135(1). MCL 500.3135(7) defines "serious impairment of a body function" as "an objectively manifested impairment of an important body function that affects the person's general ability to lead his or her normal life." An insured may not have sufficient time to ascertain whether an impairment will affect his ability to lead a normal life within one year of an accident. Indeed, three of the factors to be considered in determining whether a serious impairment exists are the duration of the disability, the extent of residual impairment, and the prognosis for eventual recovery. *Kern v Blethen-Coluni,* 240 Mich App 333, 341; 612 NW2d 838 (2000). Further, unless the police report indicates otherwise, the insured will not know that the other driver is uninsured until suit is filed and the other driver fails to tender the defense to an insurance company. The insured, thus, must file suit well before the one-year period in order to assure that the information is known in time to make a claim or file suit against the insurance company within one year of the accident. Applying the standard set forth in *Camelot, supra* at 127, and repeated in *Herweyer* and *Timko,* we conclude that the limitation here is not reasonable because, in most instances, the insured (1) does not have "sufficient opportunity to investigate and file an action," where the insured may not have sufficient information about his own physical condition to warrant filing a claim, and will likely not know if the other driver is insured until legal process is commenced, (2) under these circumstances, the time will often be "so short as to work a practical abrogation of the right of action," and (3) the action may be barred before the loss can be ascertained.

We further note that the concern the Court expressed in *Herweyer* is present here as well. The insured had the option of accepting uninsured motorist coverage or rejecting it, but could not have bargained for a longer limitations period. Accordingly, the policy should receive close judicial scrutiny.

Although of no importance in this case because plaintiffs made a claim within three years, we observe that while *Herweyer* might be read to require that the six-year contract period of limitations be applied in lieu of the one-year policy provision, we think *Herweyer* is distinguishable because application of the saving clause there would have resulted in no definite limitations period, only a reasonableness standard to be applied in every case. Here, the Legislature has provided a three-year limitations period for personal injury claims. The insured must sue the other driver within three years of the injury, whether or not the insured has sufficient information to know if a serious impairment has been sustained, *Stephens v Dixon*, 449 Mich 531; 536 NW2d 755 (1995), and whether or not the other driver is insured. Application of the three-year period would not deprive the insured of a sufficient opportunity to investigate and file a claim and does not work a practical abrogation of the right.

Affirmed and remanded for further proceedings. We do not retain jurisdiction.