890 So.2d 357 (2004)
Pamela Romans BARNIER, Appellant,
v.
Russell A. RAINEY and Farm Bureau Insurance, Appellees.
No. 1D03-5105.
District Court of Appeal of Florida, First District.
December 20, 2004.
*358 Paul Bruce Brockway of Steven A. Bagen & Associates, P.A., Gainesville, for Appellant.
Dennis Dabroski of Dennis Dabroski, P.A., St. Petersburg, for Appellees.
ERVIN, J.
Appellant, Pamela Romans Barnier, seeks review of a summary final judgment in favor of appellees, Russell A. Rainey and Farm Bureau Insurance, finding appellant's action for uninsured/underinsured motorist (UM) coverage for injuries suffered by her in an automobile accident was barred by a one-year limitation period contained in the applicable Michigan insurance policy. We reverse and remand for further proceedings.
The automobile accident underlying this controversy occurred on May 8, 2000. On January 3, 2002, or approximately one year and seven months from the date of accident, appellant filed her action for UM coverage under the Farm Bureau Insurance (insurer) policy in which she is a named insured. The insurer thereafter filed a motion for summary judgment, alleging as grounds therefor that "[p]ursuant to the terms of the insurance policy, which are governed by the laws of the State of Michigan, an uninsured/underinsured *359 motorist claim must be brought within one year of the date of accident." On November 4, 2003, the circuit court entered Final Summary Judgment in favor of the insurer. The court found the contract for insurance contained a valid one-year time limitation for pursuit of a legal action for UM coverage benefits, and, because plaintiff/appellant did not file a legal claim for benefits within one year from the date of her accident, the claim was barred by contract. Appellant filed a timely notice of appeal of the circuit court's ruling.
Because the issue presented is one of law, we apply a de novo standard of review. A trial court's construction of an insurance policy to determine coverage is a matter of law subject to de novo review. See Meyer v. Hutchinson, 861 So.2d 1185, 1187 (Fla. 5th DCA 2003). "The standard of review governing a trial court's ruling on a motion for summary judgment posing a pure question of law is de novo." Major League Baseball v. Morsani, 790 So.2d 1071, 1074 (Fla.2001); Philip J. Padovano, Florida Appellate Practice 130 (2003 ed.).
In that the rights and obligations of parties under a policy of insurance arise out of a contract of insurance, they are governed by contract law. See Lumbermens Mut. Cas. Co. v. August, 530 So.2d 293, 295 (Fla.1988). Florida applies the doctrine of lex loci contractus to determine "the rights and risks of the parties to automobile insurance policies on the issue of coverage." Id.See also Sturiano v. Brooks, 523 So.2d 1126 (Fla.1988). The doctrine "provides that the law of the jurisdiction where the contract was executed governs the rights and liabilities of the parties in determining an issue of insurance coverage." Roach v. State Farm Mut. Auto. Ins. Co., 29 Fla. L. Weekly D2518, ___ So.2d ___, 2004 WL 2532959 (Fla. 2d DCA 2004) (citing Sturiano, 523 So.2d at 1129). "An exception to the general rule of lex loci contractus occurs when a Florida court recognizes a `paramount interest' in protecting Florida residents from a provision of the insurance contract that is repugnant to the public policy of Florida." Roach, 29 Fla. L. Weekly at D2519, ___ So.2d ___, 2004 WL 2532959 (citing Gillen v. United Servs. Auto. Ass'n, 300 So.2d 3, 7 (Fla.1974)). For the public policy exception to be invoked properly, it must be shown that Florida has a significant connection to the insurance coverage, and the insurance company has had reasonable notice that the policy risk is centered in Florida. See Roach, 29 Fla. L. Weekly at D2519, ___ So.2d ___, 2004 WL 2532959.
In the instant case, the contract of insurance was executed and issued in Michigan to appellant's mother, a Michigan resident. Appellant is a named insured under her mother's contract of insurance. The parties suggest, but the record does not establish, that appellant was a Florida resident when the motor vehicle accident occurred. Similarly, the record is silent in regard to the insurer's notice that the policy risk with respect to appellant would be centered in Florida. Under the lex loci contractus doctrine, we conclude the cause of action between appellant and appellee Farm Bureau arose in Michigan where the policy of insurance was issued. Therefore, we must examine Michigan law to determine the applicable limitation period.
The Michigan statute of limitations for bringing a claim against a negligent driver for bodily injury is three years. See § 600.5805(10), Mich. Comp. Laws; Rory v. Continental Ins. Co., 262 Mich.App. 679, 687 N.W.2d 304 (2004). In Rory, as in the instant case, an uninsured motorist endorsement provided that a claim or suit must be brought within one year of the accident. The Michigan Court of Appeals concluded that the one-year contractual *360 limitations period was not reasonable, because it did not allow an insured sufficient time to ascertain whether an impairment arising out of the accident would affect his or her ability to lead a normal life, as required by the Michigan no-fault statute. The court explained:
[W]e conclude that the limitation here is not reasonable because, in most instances, the insured (1) does not have "sufficient opportunity to investigate and file an action," where the insured may not have sufficient information about his own physical condition to warrant filing a claim, and will likely not know if the other driver is insured until legal process is commenced, (2) under these circumstances, the time will often be "so short as to work a practical abrogation of the right of action," and (3) the action may be barred before the loss can be ascertained.
Id. at 309. In addition to the foregoing, the court expressed concern that while the insured had the option of accepting uninsured motorist coverage or rejecting it, the insured could not have bargained for a longer limitations period. On the foregoing facts, the Michigan Appeals Court affirmed the circuit court's order denying the insurer's motion for summary disposition, and remanded the case to the trial court for further proceedings.
Appellee Farm Bureau Insurance argues that the contractual one-year limitation clause is valid and enforceable under Michigan law, because the limitation clause is free of ambiguity and requires no interpretation. We agree the contractual limitation is free of ambiguity. Nevertheless, none of the Michigan cases the insurer relied upon resolves the issue, because none addresses the "reasonableness" of the shortened limitation period for bringing a claim for UM coverage. For example, in Farm Bureau Mutual Insurance Company of Michigan v. Nikkel, 460 Mich. 558, 596 N.W.2d 915 (1999), the court concluded that the nonowned-automobile clause at issue in a determination of insurance coverage was clear and unambiguous, and accorded the clause its expressly stated meaning. The court's ruling was predicated in part on the proposition that "`[a]ny clause in an insurance policy is valid as long as it is clear, unambiguous and not in contravention of public policy.'" Id. at 920 (emphasis added) (quoting Raska v. Farm Bureau Mut. Ins. Co., 412 Mich. 355, 314 N.W.2d 440 (1982)). Similarly, other cases the insurer relied upon stand generally for the proposition that contract terms which are free from ambiguity are enforceable according to their terms.
Although the one-year limitation clause at issue in this case is, as stated, clear and unambiguous, it appears from our research to be contrary to Michigan public policy. Under the rule announced in Rory, the one-year limitation period fails to afford an insured a sufficient period of time to ascertain whether an impairment attributable to the accident will be permanent, or to determine the existence and sufficiency of the coverage available from the negligent driver. In Morley v. Automobile Club of Michigan, 458 Mich. 459, 581 N.W.2d 237 (1998), the issue for resolution was whether the requirement that a claim for UM benefits be made within three years from the date of the accident was unambiguous and thus enforceable. The court concluded that the words of the contract were not ambiguous and required the insured to make a claim for UM benefits within three years from the date of the accident. Significantly, the Morley court did not address the reasonableness of the contractual three-year limitation period, perhaps because it was the same as the Michigan statutory limitation period, in contrast to *361 the one-year contractual limitation period here at issue.
In summary, we conclude the policy at issue in this case should be construed in accordance with Michigan law, which establishes a three-year limitation period. Therefore, we reverse the summary final judgment entered in favor of appellee Farm Bureau Insurance and remand for further consistent proceedings.
REVERSED and REMANDED.
BOOTH and KAHN, JJ., concur.