KELLY, J.
(dissenting). I dissent from the majority’s decision to abolish the use of the judicial tolling[1] doct *210 rine adopted by this Court more than 30 years ago in Tom Thomas.[2] Michigan courts have applied judicial tolling without serious contention for more than three decades because it is a pragmatic doctrine that is fair to both insurers and insureds. It does not create insurance coverage where none exists. Nor does it deprive insurers of other defenses they might have. Rather, it encourages insureds to give prompt notice of their claims to their insurers. And it eliminates any incentive insurers might have to wait until the contractual limitations period expires before denying claims.
THE JUDICIAL TOLLING DOCTRINE
Thirty-two years ago, in the Tom Thomas case, this Court construed an inland marine insurance policy that contained a 12-month limitations period.[3] We noted that, although a 12-month period might “represent a reasonable balance between the insurer’s interest in prompt commencement of action and the insured’s need for adequate time to bring an action, the insured usually does not have the full 12 months within which to commence an action.”[4] In fact, because of delays built into standard insurance policies, an insured usually has substantially less time to decide whether to commence an action against an insurer. These delays include the time dedicated to filing a proof of loss and the period allowed for payment or settlement of the claim.[5]
*211 To reconcile the proof-of-loss and payment-of-claims provisions with the limitations provision, this Court adopted the approach of the New Jersey Supreme Court. It allows the contractual period of limitations in which to bring a lawsuit against an insurance company to run until the insured gives notice of a claim to the insurer. Then, the limitations period is tolled until the insurer formally denies liability.[6] The New Jersey court found that this was the best way to give effect to “the literal language of the limitation provision . . . .”[7]
For good reason, Michigan and New Jersey are not alone in having adopted the tolling doctrine.[8] As the leading treatise on insurance law, Couch on Insurance, states, those courts’ adoption of the tolling doctrine
stems from the pragmatic knowledge that there simply is no reason to bring suit until the insurer has either formally denied the claim or delayed so long that the delay itself becomes the basis for a suit. This rule also avoids the possibility that the insurer may drag out negotiations while the period passes, leading either to insureds losing their rights in a questionable manner or to costly evidentiary battles over whether the insureds’ actions should be deemed to be a waiver of the defense, or to estop the insurer from raising it.[9]
*212 The majority’s decision to abolish the judicial tolling doctrine inserts insureds between Scylla and Charybdis. If they bring a claim too soon, the court may dismiss it as unripe. If they wait for the insurer to decide the claim, they risk a technical forfeiture under a limitation-of-suit provision.
An insured should not be forced to choose between filing a premature lawsuit and trusting that the insurance company will consider the claim after the contractual limitations period has expired. Choosing the first option may unnecessarily poison the relationship between the parties. It may create unnecessary litigation that serves only to burden our overtaxed judicial system. Such a result has been accurately called both “anomalous and inefficient.”[10] Yet choosing the second option gives insurance companies the opportunity to avoid coverage on timeliness grounds.
Under the majority’s decision, the insured must not only file a timely claim, he or she may have to make the hard decision to sue rather than await a reply. Absent judicial tolling, the burden on the insured is greatly increased.
On the contrary, use of the judicial tolling doctrine guarantees that the insurer shares the burden. The insurer must pay or deny the claim. The doctrine has other merits. Under it, the insured has no reason to delay filing a claim because the limitations period will not run uninterrupted. And the insurer can take the necessary time to investigate the claim and decide on coverage while relevant information is fresh. Removed is any incentive the insurer would have in the absence of tolling to prolong the investigation period “in order to invoke a technical forfeiture of the policy’s ben *213 efits.”[11] Thus, use of the judicial tolling doctrine promotes the quick resolution of insurance claims outside the courts.
It has been argued that the judicial tolling doctrine is unnecessary, given the availability of waiver and estoppel. It is asserted that these doctrines can alleviate the harsh result that may occur when an insured allows the insurer to adjust the claim after the limitations period expires. However, Couch on Insurance opines that assertion of a claim of waiver or estoppel
may require a discovery and evidentiary side trip from the substance of the underlying dispute between the parties to establish who said and did what, when, and to whom. While this may be the plaintiffs last hope of being able to bring the underlying action, in which case the added effort and expense may still make it worthwhile, it generally calls for a wider ranging investigation and proof than would be required for a claim that the same actions effectively “tolled” the period for some time.[12]
Moreover, as Tom Thomas recognized, reliance on the application of waiver or estoppel results in considerable uncertainty about how much time is reasonable to allow the insurer to bring suit.[13] Conversely, under the judicial tolling doctrine, the insurance company “can conclusively determine exactly when the tolling period will terminate simply by denying the claim after it completes its investigation.”[14]
The majority’s attempt to return the parties to the certainty of the contractual language actually leaves them in a state of greater uncertainty. As stated more than 30 years ago by the New Jersey Supreme Court in *214 Peloso, judicial tolling “is more satisfactory, and more easily applied, than the pursuit of the concepts of waiver and estoppel in each of the many factual patterns which may arise.”[15]
RORY[16] AND DEVILLERS[17]
Tom Thomas, the case in which this Court first adopted the judicial tolling doctrine, was recently discussed in Rory and Devillers. In Rory, the same Supreme Court majority as the one in this case held that judicial assessments of reasonableness cannot be relied on to invalidate a shortened period of limitations contractually agreed to.[18] In so holding, the majority overruled Tom Thomas to the extent that Tom Thomas allowed a standard of reasonableness to abrogate unambiguous contractual terms.[19] However, the Rory majority specifically recognized that the judicial tolling doctrine was the basis for the Tom Thomas decision, not whether the contractual limitations period in which to bring suit was reasonable.[20] Thus, although Rory rejected Tom Thomas to the extent that it relied on the “reasonableness” rule, it did not specifically overrule the judicial tolling doctrine.
Devillers concerned the tolling of a statutory one-year period in which to bring claims, MCL 500.3145(1).[21] The same majority as the one in this case reasoned that no authority permitted the judiciaiy to *215 provide for a tolling of the statutory period.[22] According to the majority, judicial tolling, as applied to the Devillers case, represented “an unconstitutional usurpation of legislative authority.”[23] In the case at bar, a contractual rather than a statutory period of limitations is at issue. Application of the doctrine of judicial tolling cannot be said to present an issue of usurpation of legislative authority. Consequently, neither Rory nor Devillers controls this case.
It is interesting to note that one of the explanations given in Devillers for rejecting judicial tolling was the alleged lack of a sound policy reason for its use there. However, such a reason exists in this case. The Michigan Office of Financial and Insurance Services (OFIS)[24] has now prohibited the use of contractual one-year limitations periods in insurance contracts that provide for uninsured motorist benefits.[25] OFIS found the Court of Appeals analysis in Rory compelling, although it was overturned by a majority of this Court.[26] The Court of Appeals had found that a one-year limitations period is unreasonable because it does not provide claimants with sufficient time to investigate potential claims.[27] As noted by the majority, OFIS has allowed insurance companies to continue using policy provisions that *216 became part of contracts with insureds before the OFIS order of prohibition entered. However, the reasoning adopted in the order of prohibition still persuasively suggests that application of the one-year period in this case is against public policy.
The majority believes that courts must stand against the peril of rule by men instead of law. I agree. Yet I also believe that courts must stand against the peril of injustice, because injustice undermines the rule of law. If the process we adopt for determining liability allows absurdity to reign and inequity to prevail, people will look outside the rule of law for the “justice” they demand.
All too often, the same Supreme Court majority as that in this case dismisses legitimate legal arguments by labeling them contrary to the “plain language” of a statute or contract. But no matter how it is labeled, a rose is still a rose. In this case, the law in effect when the parties entered into their contract required judicial tolling. The one-year limitation-of-suit provision was not valid. To take from either party the benefit of that rule of law undermines the rule of the law.
The majority appears to conclude that, because Rory and Devillers criticized Tom Thomas, the decision in this case overturns no precedent. It takes the position that the judicial tolling doctrine is no longer good law. For the reasons stated earlier, I disagree.
Judicial tolling of a contractually shortened period of limitations was not directly overruled in Rory or in Devillers. It promotes the efficient and effective resolution of insurance claims, and it is fair to insurers and their insureds. Therefore, I would affirm the Court of Appeals decision that the limitations period in plaintiffs contract with defendant was tolled by plaintiffs *217 May 10, 2002, letter to defendant until defendant denied plaintiffs claim on December 10, 2002.[28]
PROSPECTIVE APPLICATION
It is presumably because the majority believes that Tom Thomas has already been overruled that it fails to articulate its reasons to not adhere to stare decisis in this case. It recognizes that the question whether today’s decision should apply only prospectively is a legitimate issue. But it declines to address the question because plaintiffs counsel acknowledged that plaintiff was aware of the contractual limitations period before it expired.
I disagree with the majority’s conclusion that acknowledgement of the existence of the contractual provision is equivalent to an admission that counsel did not expect tolling to occur. The acknowledgement was most likely intended to accelerate the processing of the claim. In any event, when he wrote it, counsel had good reason to expect that the judicial tolling doctrine this Court had endorsed for many years would continue to be applied. He was entitled to rely on the doctrine when deciding to allow the insurance company to adjust plaintiffs claim without regard to the limitation-of-suit contractual provision. Thus, I conclude that the majority errs when it refuses to address whether today’s decision should be given prospective application only.
ESTOPPEL
Finally, plaintiff asserts that her claim should go forward even if this Court rejects the continued viabil *218 ity of judicial tolling and gives that decision retroactive effect. She contends that defendant should be estopped from asserting the one-year limitations period. She points out that the trial court found that defendant engaged in dilatory conduct in processing her claim. The trial court relied on the facts that defendant (1) required plaintiff to send interrogatories to the tortfeasor to determine if he was collectible before defendant would respond to the claim, (2) required that plaintiff not settle with the tortfeasor until defendant approved the settlement, and (3) after approving the settlement, purposefully failed to communicate with plaintiff to negotiate her claim in good faith.
With regard to the last allegation, defendant’s claims representative noted in an internal status report approximately one month before the limitations period expired: “1 yr runs 11-29-02.” Then, the claims representative took no further action on the file until after that date had passed. The next action taken was to notify plaintiffs attorney that the claim was being rejected because the one-year period of limitations had expired. Notably, defendant’s claims representative admitted that she had access to the information necessary to determine the value of plaintiffs claim before the limitations period expired, but neglected to act on it.
“It is a familiar rule of law that an estoppel arises when one by his acts, representations, or admissions, or by his silence when he ought to speak out, intentionally or through culpable negligence induces another to believe certain facts to exist and such other rightfully relies and acts on such belief, so that he will be prejudiced if the former is permitted to deny the existence of such facts. ”[29]
*219 The facts of this case are an example of exactly what the judicial tolling doctrine was adopted to prevent. Plaintiff had every reason to expect that her claim would be processed once she had taken all the steps requested by defendant. Instead, defendant refrained from processing the claim and making a decision about it until after the one-year limitations period had expired. By sitting on plaintiffs claim, defendant invoked a technical forfeiture of the policy’s benefits. A majority of the justices of this Court has allowed itself to be made a willing after-the-fact accomplice to defendant’s wrongdoing.
In August 2002, plaintiffs counsel inquired of the claims representative whether she had heard if the tortfeasor’s 401(k) plan was protected from creditors. The information was relevant to whether defendant would grant permission to plaintiff to settle with the tortfeasor. Plaintiffs counsel requested that he be informed of the answer so he could decide whether to sue defendant. In response, defendant advised plaintiff that it was granting permission to settle the claim against the tortfeasor. This was the last communication between the parties until defendant notified plaintiffs counsel that the one-year period had expired.
Granting permission to plaintiff to settle with the tortfeasor could easily have led plaintiffs counsel to believe that defendant was still adjusting the claim. It likely lulled him into believing that defendant would not enforce the limitations period. Defendant’s silence, knowing that this was likely plaintiffs belief, caused plaintiff to reasonably believe something that was not true.
Given the state of the law at the time, plaintiff relied on this belief: judicial tolling prevented plaintiffs claim from being lost due to the passage of time. For estoppel *220 to apply, it was not necessary that plaintiff take any affirmative action in reliance on the beliefs that defendant induced in plaintiff. “Nonaction in reliance [on the representations made], resulting in injury, is sufficient.”[30] Obviously, under the majority’s position that judicial tolling is impermissible, plaintiff was prejudiced as a result of her reliance on the false belief induced by defendant’s silence. Thus, plaintiff has shown the facts necessary to establish estoppel.[31] Contrary to the decision of the majority, the trial court correctly held that defendant should be “estopped from seeking shelter in the one-year limitation given their conduct in the case at bar. . . .” Accordingly, I conclude in the alternative that equitable estoppel entitled plaintiff to summary disposition.
CONCLUSION
Judicial tolling is a pragmatic doctrine that promotes fairness, efficiency, and certainty in the claims-adjustment process. It has been used in this and other states for more than 30 years. The majority’s decision to abolish the doctrine in Michigan should be lamented by both insurers and their insureds. Because neither Rory nor Devillers expressly overruled the use of judicial tolling in the circumstances presented in this case, I would hold that the trial court properly applied the judicial tolling doctrine. Moreover, even if the doctrine cannot be used to save plaintiffs claim, I would hold *221 that defendant is estopped from relying on the contractually shortened period of limitations.
I would affirm the decisions of the lower courts in favor of plaintiff.
CAVANAGH and WEAVER, JJ., concurred with KELLY, J.

 What I call “judicial tolling” is often also referred to as “equitable tolling” and “intervening tolling.” See In re Certified Question (Ford Motor Co v Lumbermens Mut Cas Co), 413 Mich 22, 30; 319 NW2d 320 (1982); Feldman, Zariski & Eaton, The equitable tolling doctrine in first party insurance coverage matters: Analysis, benefits, and an illustrative case study, 41 Tort Trial & Ins Prac L J 61 (2005).
Insurance policies often include a limitation-of-suit provision that bars the insured from bringing an action for coverage unless the suit is filed within a certain period. These provisions may shorten the time an insured would otherwise have to file suit under state law. Judicial tolling *210 suspends the elapse of time under the limitation-of-suit provision from the date the insured gives notice of the loss until the insurer formally denies liability. Feldman, Zariski & Eaton, 41 Tort Trial & Ins Prac L J at 61-63.

 Tom Thomas Org, Inc v Reliance Ins Co, 396 Mich 588; 242 NW2d 396 (1976).

 Id. at 591.

 Id. at 592.

 Id.

 Id. at 593-597, citing Peloso v Hartford Fire Ins Co, 56 NJ 514; 267 A2d 498 (1970).

 Peloso, 56 NJ at 521.

 See Guam Housing & Urban Renewal Auth v Dongbu Ins Co, Ltd, 2001 Guam 24; 2001 WL 1555206 (2001); Prudential-LMI Commercial Ins v Superior Court, 51 Cal 3d 674; 274 Cal Rptr 387; 798 P2d 1230 (1990); Fed S&L Ins Corp v Aetna Cas & Surety Co, 701 F Supp 1357, 1362 (ED Tenn, 1988); Nicholson v Nationwide Mut Fire Ins Co, 517 F Supp 1046, 1051 (ND Ga, 1981); Christiansen v First Ins Co of Hawaii, Ltd, 88 Hawaii 442; 967 P2d 639 (Hawaii App, 1998), aff'd in part, rev’d in part on other grounds, 88 Hawaii 136 (Hawaii, 1998); Clark v Truck Ins Exch, 95 Nev 544, 546-547; 598 P2d 628 (1979).

9 17 Couch, Insurance, 3d, § 237:39, p 237-45.

 Guam Housing, 2001 Guam 24 at 11.

 Id. at 12.

12 17 Couch, Insurance, 3d, § 238:1, pp 238-8 to 238-9.

 Tom Thomas, 396 Mich at 597 n 10.

 Feldman, Zariski & Eaton, 41 Tort Trial & Ins Prac L J at 77 (2005).

 Peloso, 56 NJ at 521.

 Rory v Continental Ins Co, 473 Mich 457; 703 NW2d 23 (2005).

 Devillers v Auto Club Ins Ass’n, 473 Mich 562; 702 NW2d 539 (2005).

 Rory, 473 Mich at 470.

 Id.

 Id. at 466.

 Devillers, 473 Mich at 564.

 Id. at 581-583.

 Id. at 593.

 OFIS is now the Office of Financial and Insurance Regulation, effective April 6, 2008. Executive Order No. 2008-2.

 OFIS Order No. 05-060-M, entered December 16, 2005. On April 4, 2006, OFIS issued a similar order addressing underinsured motorist benefits. And, in May 2007, OFIS added an administrative rule voiding shortened limitation-of-action clauses in new and revised policies. Mich Admin Code, R 500.2212.

 OFIS Order No. 05-060-M, pp 2-4, citing Rory v Continental Ins Co, 262 Mich App 679; 687 NW2d 304 (2004), rev’d Rory, 473 Mich at 491.

 Rory, 262 Mich App at 685-687.

 To the extent that the Court of Appeals concluded in this case and in West v Farm Bureau Gen Ins Co of Michigan (On Remand), 272 Mich App 58; 723 NW2d 589 (2006), that Rory and Devillers effectively abrogated the judicial tolling doctrine of Tom Thomas, I disagree.

29 Hetchler v American Life Ins Co, 266 Mich 608, 613; 254 NW 221 (1934), quoting Kole v Lampen, 191 Mich 156, 157-158; 157 NW 392 (1916).

 Hetchler, 266 Mich at 614.

 Id. at 613; Grosse Pointe Park v Michigan Muni Liability & Prop Pool, 473 Mich 188, 204; 702 NW2d 106 (2005); see also Barbour v Slaughter, 36 Ill App 3d 857,862-863; 345 NE2d 113 (1976) (holding that, by arbitrarily withholding consent to the insured’s personal-injury suit, the insurer waived the policy requirement that no judgment be taken against the tortfeasor without the insurer’s consent).